W. B. Hooks *v.* Mrs. E. E. Mills et al.

[57 South. 545.]

1. Master and Servant. *Injuries to servant. Contributory negligence. Delegation of duty. Evidence. Instructions. Safe place to work.*

Where there is a material conflict of evidence a peremptory instruction should not be given.

2. Master and Servant. *Injuries to servant. Negligence. Question for jury.*

In a suit for the death of a servant while employed as an engineer of a logging train, the questions as to whether the derailment of the train was caused by a defective track, and if so, whether the defect was from the master's negligence were for the jury.

3. MASTER AND SERVANT. *Injury to servant. Delegation of duty.*

Where the defective condition of the track of a dummy line was caused by deceased's own negligence, for the reason that, at his request, he had been given entire supervision of the track and that it thereby became his duty, not only to direct the trackmen where to work but also to inspect their work and see that it was properly done, the master is not liable, even though deceased was not an expert as to the safety of the railroad track.

4. MASTER AND SERVANT. *Injury to servant. Instructions.*

In an action for the death of an engineer employed on a dummy line, an instruction that the fact that the deceased had a right to direct the trackmen where to work would not imply that he had an opportunity to judge of the sufficiency of the work after it was done, should not have been given, because it singled out and gave undue prominence to the fact that deceased's duties as engineer were probably inconsistent with the duty of attending to the repairing of the track, and such an instruction is also improper as a charge on the weight of the evidence.

5. INSTRUCTIONS. *Conformity to evidence.*

In a suit for the death of a servant an instruction "that no proposition or suggestion on the part of the master made to deceased with respect to deceased assuming charge of or responsibility for the maintenance of the roadbed of the railroad, can put that duty upon the deceased unless he did in fact undertake to assume this duty, should not be given where the proposition came from the deceased and not the master.

6. MASTER AND SERVANT. *Injury to servant. Safe place to work.*

A "person operating a railroad" does not owe to his servants the duty "to all times have and maintain a safe roadbed." The duty of the master to furnish the servant with a safe place to work is not absolute, but it is simply to exercise reasonable care to furnish the servant with a reasonably safe place in which to work.

APPEAL from the circuit court of Newton county.
HON. C. L. DOBBS, Judge.

Suit by Mrs. E. E. Mills et al. against W. B. Hooks. From a judgment for plaintiff, defendant appeals.

This is an appeal from a judgment for appellees, who were plaintiffs in the court below, for five thousand dol-

lars for the death of E. E. Mills; the suit being predi-
cated upon the alleged negligence of the appellant, due
to the unsafe condition of a dummy line owned by him
and used for bringing logs to his mill. The deceased
was engineer on the only engine operated on the dummy
line. At his own request he had been given supervision
of the roadbed and track. In hauling a train load of
logs to the mill, the engine left the track on a downgrade
and was upset by the weight of the cars behind it, re-
sulting in the death of Mills. The declaration contains
the following allegation: "That the said rails of the
said railroad track, at the point where said engine left
the said track, were not properly jointed, and the said
rails were not bolted on the west side of said track, and
secured by a fishplate, and said railroad bed at said
point was not provided with a sufficient number of
cross-ties with the proper strength, and the ground or
earth was not sufficiently tamped around the cross-ties,
so as to fasten them securely, and the rails on said rail-
road bed at said point were not properly in line, and
said rails were improperly laid with low centers and
high joints at said point."

On appeal, appellant assigns as error the refusal by
the court to grant him a peremptory instruction, and
the granting of instructions Nos. 3, 6, 9, and 10 for the
appellees. These instructions are as follows: No. 3:
"The fact that the deceased, Mills had the right to di-
rect the trackmen where to work, would not necessarily
imply that he was an expert as to the safety of the rail-
road track, or that he had any opportunity to judge of
the sufficiency of the work after it was done." No. 6:
"The court charges the jury, for the plaintiff, that
in determining whether or not the deceased, Mr. Mills,
had assumed charge of the repairs and maintenance of
the railroad track, the jury is to look at all of the testi-
mony, and weigh the same in the light of their every-
day experience and common sense, and also in the light

of what the evidence in this case shows the duties of his position as engineer to have been." No. 9: "The court charges the jury that no proposition or suggestion on the part of the defendant made to the deceased, Mills, with respect to his (Mills') assuming charge of or responsibility for the maintenance or repair of the roadbed of the railroad, could put that duty upon the deceased, unless the deceased did in fact undertake to assume those additional duties." No. 10: "The court charges the jury, for the plaintiff, that it is the duty of a person operating a railroad to at all times have and maintain a safe roadbed, and that when the defendant undertakes to show that he escapes this responsibility by pleading that the deceased himself had undertaken to look after the safety of the roadbed that the burden rests upon the defendant to make out that defense by a preponderance of the evidence."

*Green & Green,* for appellants.

The court erred in not granting the peremptory instruction for the defendant. Proof of an injury is not sufficient to make a defendant liable. The burden, under the law, was upon appellee to show, first, a specific act of negligence, and second, that in pursuance thereof the injury occurred. *Railroad Co.* v. *Cathey,* 70 Miss. 337; *Patton* v. *Texas & P. R. R. Co.,* 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 386; 2 Labatt on Master and Servant, sec. 833; *C. & I. Ry. Co.* v. *Sparrow,* 98 Va. 630-641, 37 E. 302; *N. W. R. R. Co.* v. *Cromer's Admx.,* 99 Va. 763-765, 40 S. E. 54; *So. Ry. Co.* v. *Hall's Admr,* 102 Va. 135, 45 S. E. 867; *N. & W. Ry. Co.* v. *Poole's Admr.,* 100 Va. 750, 42 S. E. 882; *N. & W. Ry. Co.* v. *Cromer's Admx.,* 101 Va. 667, 44 S. E. 898; *Fuller* v. *Ann Arbor R. Co.,* 104 N. W. (Mich. 1905) 414; *Grant* v. *Railroad Co.,* 133 N. Y. (1892) 657; *Goronason* v. *Mfg. Co.,* 186, Mo. 300.

Section 1895 of the Code is not applicable because, in order to raise the *prima facie* presumption, it is re-

quisite that the action be against the railroad company, not against an individual. Therefore, the rule above announced is here applicable and, we respectfully submit, conclusive of this case, for appellant, because nothing is shown in the testimony of appellee which would do more than warrant the wildest conjecture as to what was, in truth and in fact, the cause of this very lamentable accident.

But, independently of this, we submit that Mr. Mills was in charge of the construction and repair of this dummy line, and that it was his duty to keep the same in order. When he was first employed, Mr. Strickland was the foreman of the section gang, but, upon Mr. Stricklands being relieved, Mr. Mills became the only white man who went out after the logs, and thereupon Mr. Mills applied to Mr. Hooks to be put in charge of the entire track, and to have under his direction and control the men employed.

It is further shown that Mills was to have full authority to direct the hands where, when and how to work, and that for the repair of the track he was supplied with all of the requisite material of suitable kind and character.

The third instruction was: The fact that deceased, Mills, had the right to direct the trackman to work would not necessarily imply that he was an expert as to the safety of the railroad track, or that he had any opportunity to judge of the sufficiency of the work after it was done.''

This instruction is in violaton of secton 793 of the Code, which provides:

''The judge in any cause, civil or criminal, shall not sum up or comment on the testimony, or charge the jury as to the weight of the evidence; but at the request of either party, he shall instruct the jury upon the principles of law applicable to the case.''

The third and fourth instructions were upon the weight of the evidence, and for that reason should not

have been given. The facts therein recited are competent evidence to be considered by the jury in determining whether the sale was made with fraudulent intent, but whether these facts and circumstances, if proved, indicated a fraudulent intent, was a question to be determined by the jury and not by the court. *Jennings* v. *Thomas,* 13 S. & M. 617; *Fairly* v. *Fairly,* 38 Miss. 280; *May v. Vaught* v. *Taylor,* 62 Miss. 500; *French* v. *Sale,* 63 Miss. 386.

Furthermore in *Kearney* v. *State,* 68 Miss. 240, Mr. Justice Cooper declared:

"Inference from the facts are to be drawn by the jury unaided and uninfluenced by the court. Our statute means this, or it means nothing. If juries, turning aside from the direction and control of their own judgment, unworthily submit to the impulses of passion, compassion or prejudice, the responsibility is with them, but the court may not, to prevent any such supposed inclination, invade the province of the jury by informing it what weight should or should not be given to establish facts." *French* v. *Sale,* 63 Miss. 391. See, also, *Kimbrough* v. *Ragsdale,* 69 Miss. 677; *Railroad Co.* v. *Whitehead,* 71 Miss. 451; *Burt* v. *State,* 72 Miss. 408; *Thompson* v. *State,* 73 Miss. 584.

It falls squarely within the condemnation of *Minor* v. *Railroad Company,* 69 Miss. 720. It unduly singles out issues and directs the attention of the jury to those issues, causing the jury to attach to such undue importance. See *Levi* v. *Holberg,* 71 Miss. 66; *Bryant* v. *State,* 73 Miss. 838; *Cheatham* v. *State,* 67 Miss. 635; *Wilson* v. *State,* 71 Miss. 880.

It is wholly immaterial whether Mills was an expert or not, or whether he had sufficient time to make the inspection or not. The sole question was, had he made an agreement whereunder and whereby such duty of repairing was vested on him; if such was the case, it did not require that he be either an expert, or that he be

allowed to take advantage of his own dereliction in not doing that which he had agreed to do.

Furthermore, it is not permissible for an instruction to assume as a fact as to which the evidence is in conflict. So, when this instruction assumed that "the fact that deceased, Mills, had the right to direct the trackmen where to work," etc., thereunder and thereby appellee committed herself to the declaration that such a fact appeared in the record without controversy.

The ninth instruction was, "The court charges the jury that no proposition or suggestion on the part of the defendant made to the deceased Mills, with respect to his (Mills) assuming charge of or responsibility for the maintenance or repair of the roadbed of the railroad could put that duty upon the deceased unless the deceased did in fact undertake to assume those additional duties."

We submit this is erroneous because not founded on any evidence in the record. It does nowhere appear that Hooks ever made any proposition to Mills with reference to assuming charge of this work, but the evidence all is that Mills made the proposal to Hooks and, as put in the instruction, the testimony is directly reversed.

The tenth instruction was, "The court charges the jury for the plaintiff that it is the duty of a person operating a railroad to at all time have and maintain a safe roadbed, and that when the defendant undertakes to show that he escapes this responsibility by pleading that the deceased himself had undertaken to look after the safety of the roadbed, that the burden rests upon the defendant to make out that defense by a preponderance of the evidence."

We submit that this instruction is erroneous:

(1) That portion of the instruction whereby plaintiff is required to "at all times have and maintain a safe roadbed" is erroneous. It makes an absolute duty of

that for which appellant was under obligation only to
exercise reasonable care. In fine, it makes the appel-
lant an insurer, when a master is under no such obliga-
tion. Note, especially it applies,

(a)   To all times.

(b)   That the roadbed be kept safe, absolutely, with-
out qualification or exception. Safety is the require-
ment, due diligence to that and not the standard.

*G. C. Tann* and *Wm. C. Fitts,* for appellees.

The master owes to the train operator the duty of
furnishing him a safe track upon which to run, and this
is a responsibility of which the master is not relieved by
confiding the duty of repair to servants, however com-
petent. Such servants are the master's agents, and
their negligence is his negligence. They may be fellow-
servants of all others engaged in making the repairs,
but not of those for whose use and benefit the repairs
are made and the track maintained. This is one duty
that the master cannot escape by delegating it. *Balhoff*
v. *Mich. Cent. R. R. Co.,* 106 Mich. 612.

The one to whom this duty is delegated represents the
master in that regard, and is not the fellow-servant of
an operator who runs upon the track. *Van Dusen* v.
*Letellier,* 78 Mich. 492.

The first and second assignment of error made by the
appellant can hardly be taken seriously. They mean
the same thing, and seek to assert that the trial court
should have taken the case from the jury and decided
it. It is certainly not necessary for us to argue that
waiving for the present the fact that the plaintiffs be-
low were clearly entitled to a verdict upon the proof of
the replication and that all error, even if error had in-
tervened, would be without injury to the defendant be-
low in this condition of the record. Nevertheless, with
this thought out of mind for the present, the case at bar
may be viewed as a distinctly jury issue; for it is rare

indeed that a negligence case should ever be taken from the jury, and manifestly this is not of the class with respect to which such a course will be for a moment tolerated. So many questions are involved in solution of an inquiry with respect to negligence that it is necessary to examine and consider all of the circumstances going to the solution, and to find, if possible, where the negligence should properly be imputed, all of which is distinctly a question for the jury to answer by its verdict. *Stevens* v. *Yazoo R. R. Co.,* 81 Miss. 195; *Bell* v. *Southern Ry. Co.,* 87 Miss. 234; *Allen* v. *Yazoo R. R. Co.,* 88 Miss. 25; *Romano* v. *Vicksburg R. R. & Light Co.,* 39 So. 986; *Moore* v. *M. & O. R. R. Co.,* 24 So. 964; *Gardner* v. *Smart,* 26 So. 856; *Harris* v. *Perkins,* 25 So. 154; *Campbell* v. *Doggett,* 28 So. 371.

When we come to the consideration of the comparatively few instructions given at the instance of the plaintiff below and the very many and favorable instructions which were given in favor of and at the instance of the defendant below, and institute a comparison between them, it will be observed that the jury was fully and fairly instructed as to all of the material issues in the case, and in such way as to be more than favorably impressed with the version and contentions of the defendant. The instructions given in a case must all be construed together, and if as a whole the law was fairly given in the instructions when thus viewed, the verdict should not be vacated because one or more of them when considered alone may be subject to criticism. *Yazoo & R. R. Co.* v. *Williams,* 87 Miss. 344; *Miss. R. R. Co.* v. *Hardy,* 88 Miss. 732.

Argued orally by *G. W. Green,* for appellant.

Argued orally by *G. C. Tann,* for appellee.

SMITH, J., delivered the opinion of the court.

Appellant's request for a peremptory instruction was properly refused. It was for the jury to say whether or

not the derailment of the train was caused by a defective track, and, if so, whether or not such defect was the result of appellant's negligence. If the evidence of Mrs. Mills that appellant, in the latter part of November, declined to permit Mr. Mills to assume control of the repairing of the track is true, the jury were warranted in not believing that he had been in such control since August 1st, as claimed by appellant.

Appellee's third instruction ought not to have been given. One of appellant's defenses is that the defective conditions of the track was caused by Mr. Mills' own negligence, for the reason that, at his request, he had been given entire supervision of the track, and that it thereby became his duty, not only "to direct the trackmen where to work," but also to inspect their work and see that it was properly done. If this was Mills' agreement, it was immaterial whether or not "he was an expert as to the safety of the railroad track." There was also no evidence introduced by either party indicating that Mills had no "opportunity to judge of the sufficiency of the work" after it had been done. Even if otherwise proper, this instruction is clearly a charge upon the weight of the evidence.

By the sixth instruction the court singled out and gave undue prominence to the fact that Mills' duties as engineer were probably inconsistent with the duty of attending to the repairing of the track. This ought not to have been done.

The ninth instruction is erroneous, for the reason that the evidence shows that the "proposition or suggestion" that Mills assume "charge of or responsibility for the maintenance or repair of the roadbed" was made by Mills to appellant, and not by appellant to Mills.

A "person operating a railroad" does not owe to his servants the duty "to at all times have and maintain a safe roadbed." The duty of the master to furnish the

servant with a safe place to work is not absolute, but it is simply to exercise reasonable care to furnish the servant with a reasonable safe place in which to work. The tenth instruction was, therefore, erroneous.

The judgment of the court below is reversed, and the cause remanded.

*Reversed and remanded.*