YAZOO & M. V. R. R. COMPANY v. MARY F. ROBINSON.

[65 South. 241.]

PHYSICAL EXAMINATION. *Power to require.* *Courts.*
    The circuit court has no power either by statute or the common law, to require the plaintiff in an action for damages for personal injury, to submit to a physical examination by physicians appointed by the court.

APPEAL from the circuit court of Coahoma county.
HON. T. B. WATKINS, Judge.

Suit by Mary F. Robinson against the Yazoo & Mississippi Valley Railroad for damage for personal injury. From a judgment for plaintiff, defendant appeals.

Plaintiff alleged that by the violent jerking of the train she was thrown suddenly to the floor of the car and the lower joint of her spinal column injured. She asked for thirty thousand dollars damages and recovered ten thousand, five hundred dollars.

*Mayes & Mayes,* for appellants.

The first point we shall call to the attention of the court is this: That the court below erred in overruling the de-

fendant's motion to have the plaintiff submitted to a physical examination by two or more reputable and disinterested physicians, to be appointed by the court, such examination to be made at the expense of the defendant. *Western Glass Co.* v. *Schoeninger* (Colo.), 15 L. R. A. Ann. (N. S.) 663; *South Bend R. Co.* v. *Turner,* 156 Ind. 148; *Aspy* v. *Botkins,* 160 Ind. 160; *Schroeder* v. *Chicago, etc., R. Co.,* 47 Ia. 475; *Sibley* v. *Smith,* 46 Ark. 275; *Sidekum* v. *Wabash R. Co.,* 93 Mo. 400; *Shepard* v. *Missouri Pac. R. Co.,* 629; *Hill* v. *Sedalia, etc., R. Co.,* 64 Mo. App. 494; *Fullerton* v. *Fordyce,* 121 Mo. 1; *Alabama Gt. So. R. Co.* v. *Hill,* 90 Ala. 71; *St. Louis, etc., R. Co.* v. *Childress,* 82 Ga. 719; *Ottawa* v. *Gilliland,* 63 Kan. 165; *Dickinson* v. *Kansas City Co.,* 74 Kan. 863; *Belt Line Co.* v. *Allen,* 102 Ky. 551; *Belle of Nelson Co.* v. *Riggs,* 104 Ky. 1; *Miami Co.* v. *Baily,* 37 Ohio St. 104; *White* v. *Milwaukee R. Co.,* 61 Wis. 536; *Hess* v. *Lake Shore R. Co.,* 7 Pa. Co. Ct. 565; *Western Glass Co.* v. *Schoeninger,* 42 Colo. 357; *Denver City Co.* v. *Roberts,* 43 Colo. 522; *Wauch* v. *Winona,* 78 Minn. 98; *Harvey* v. *Philadelphia Co.,* 26 W. N. C. 231; *Dimenstein* v. *Richelson,* 2 Pa. Dist. 825; *Lane* v. *Spokane, etc., Co.,* 21 Wash. 119; *Brown* v. *Chicago, etc., Co.,* 12 N. D. 61; *United Co.* v. *Cloman,* 107 Md. 681; *Johnson* v. *Southern Pac. Co.,* 150 Cal. 535; *Logan* v. *Agriculture Society* (Mich.), 121 N. W. 485; *Murphy* v. *Southern Pac. Co.* (Nev.), 101 Pac. 322.

*Cuttrer & Johnston,* for appellee.

The circuit court in the state of Mississippi is without power to order a physical examination of a litigant in an action for damages resulting from personal injury. *Union Pac. R. Co.* v. *Bostford,* 141 U. S. 250, 35 L. Ed. 734 (Case Note), 15 L. R. A. (N. S.), 663; *Mills* v. *Wilmington City R. Co.,* (Del.) 40 Atl. 1114; *Pittsburg C. C. & St. L. R. Co.* v. *Story,* 104 Ill. App. 132; *Peoria D. & E. R. Co.* v. *Rice,* 144 Ill. 227, 33 N. E. 951; *Joliet St. R. Co.* v. *Call,* 153 Ill. 177, 32 N. E. 389; *Stack* v. *N. Y., N. H.*

*& H. R. Co.,* 177 Mass. 155, 52 L. R. A. 328; *May* v. *Pac. R. Co.,* 32 Mont. 522, 70 L. R. A. 111; *McQuingan* v. *Del. & L. W. R. Co.,* 129 N. Y. 50, 14 L. R. A. 466; *Cole* v. *Fall. Brook Coal Co.,* 159 N. Y. 59, 53 N. E. 670; *Kingfisher* v. *Altizer,* 13 Okla. 121, 74 Pac. 107; *Austin & N. W. R. Co.* v. *Cluck,* 97 Tex. 172, 64 L. R. A. 494; *Parker v. Enslow,* 102 Ill. 272, 40 Am. Rep. 588; 9 Ency. of Evidence, page 796 and footnote. On this same point the case of *Schroeber* v. *Chicago, R. I. & P. R. Co.,* 47 Iowa, 375, is cited and explained, as is the case of *City of Chadron* v. *Glover,* 43 Neb. 732,——N. W. 62.

The application here made was not in proper form, nor properly supported, to enable the applicant to complain of the action of the court in overruling the motion. *Terre Haute & I. R. Co.* v. *Brunker,* 128 Ind. 542, 26 N. E. 178; *Richmond & D. R. Co.* v. *Childress,* 82 Ga. 719, 3 L. R. A. 808; *Joliet St. R. Co.* v. *Call,* 143 Ill. 177, 32 N. E. 389.

The allowance of an order for a physical examination where the court has the power so to do is a purely discretionary function, not to be disturbed except upon a clear showing of an abuse of the discretion. *Hill* v. *City of Sedalia,* 64 Mo. App. 494; *Shepard* v. *Mo. Pac. R. Co.,* 85 Mo. 629, 55 Am. Rep. 390; *Smith* v. *Spokane,* 16 Wash. 403, 47 Pac. 888; *Graves* v. *Battle Creek,* 95 Mich. 266, 19 L. R. A. 641; *Aspy* v. *Botkins,* 160 Ind. 170, 66 N. E. 462; *Sidekum* v. *Wabash, St. P. & L. R. Co.,* 93 Mo. 400, 3 Am. St. Rep. 549; *Norton* v. *St. L. & H. Co.,* 40 Mo. App. 642; *Louisville R. Co.* v. *Hortledge,* 25 Ky. L. Rep. 152, 74 S. W. 742; *Hatfield* v. *St. P. & D. R. Co.,* 33 Minn. 130, 53 Am. Rep. 14; Case Note, page 663, 15 L. R. A. (N. S.); *C. B. & Q. R. Co.* v. *Reith,* 65 Ill. App. 461. Upon the question of the amount of the judgment: *Railroad Company* v. *Grant,* 86 Miss. 565; *I. C. R. Co.* v. *Price,* 72 Miss. 862; *Yazoo, etc., R. Co.* v. *Scott,* 95 Miss. 43; *Railroad Co.* v. *Thompson,* 64 Miss. 584.

COOK, J., delivered the opinion of the court.

There is but one assignment of error in this appeal we deem it necessary to discuss. It is contended by appellant:

"That the court below erred in overruling the defendant's motion to have the plaintiff submitted to a physical examination by two or more reputable and disinterested physicians, to be appointed by the court, such examination to be made at the expense of defendant."

This question has not heretofore been considered by this court, and as it is an important question we will pretermit any examination of appellee's contention that the court below did not err in the instant case. We prefer to settle the question of the power of the circuit courts of this state to make the order appellant requested by its motion.

An examination of the decisions of the state courts upon this point discloses irreconcilable conflict. There is no statute of this state conferring the power upon the circuit court, and if the power exists it must be found in the common-law powers of the court. The supreme court of the United States in *Union Pacific Railway Co.* v. *Botsford,* 141 U. S. 250, 11 Sup. Ct. 1000, 35 L. Ed. 734, reviewing the precise question, said:

"No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law."

Quoting further from the opinion of the court in the Botsford case, we find this:

"The inviolability of the person is as much invaded by a compulsory stripping and exposure as by a blow. To compel any one, and especially a woman, to lay bare the body or submit it to the touch of a stranger, without lawful authority, is an indignity, an assault, and a trespass."

Again, the supreme court in winding up its opinion said:

"The order moved for, subjecting the plaintiff's person to examination by a surgeon, without her consent and in advance of the trial, was not according to the common law, to common usage, or to the statutes of the United States."

This expression applies with equal force to the practice, the common usage, and statutes of this state. The legislature has at various times given powers to the circuit courts of this state not possessed by such courts under their common-law jurisdiction. As pointed out in the briefs of counsel, the trial courts of this state are authorized by statute to send the jury to the *locus in quo,*" and power is also given the court to order parties to a suit to submit their books and papers to the inspection of the adversary. These statutes, and others of similar character, enlarge the common-law power of the courts.

Whatever may be the rules and practice of other states, the common law controls here until the legislature chooses to act upon the question.

*Affirmed.*