## YAZOO & M. V. R. CO. v. DOWNS.

[67 South. 962.]

1. MASTER AND SERVANT. *Injury to servant. Negligence. Safe place to work. Failure to warn of perils. Personal injuries. Medical attention.*

Where a section hand of a railroad company was engaged in replacing old rails with new ones and while pulling out the spikes in the old rail with a clawbar, one of the spikes gave way suddenly, and he fell to the ground mashing his fingers against one of the new rails distributed along the track, he was not entitled

to recover damages on account of a failure to furnish him a safe place to work, since the place was not unsafe because of the presence of the new rails, nor was the company required to give any warning as to damages which were ordinary hazards, patent to the average man or easily discoverable by ordinary care.

2. MASTER AND SERVANT. *Personal injuries. Medical attention.*
   Where a railroad employee, when injured, placed himself under the care of one of the district surgeons of the hospital department of the railroad, and received from him medical and surgical treatment in his home town, and there is no proof that this surgeon was incompetent, and it does not appear from the proof that he failed to give proper attention to the case and no unreasonable delay is shown in furnishing the transportation and sending him to the hospital, in such case the injured employee cannot recover damages from increased suffering due to failure to receive proper medical attention.

APPEAL from the circuit court of Holmes county.
HON. MONROE McCLURG, Judge.

Suit by J. T. Downs against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Mayes & Mayes*, for appellant.

*P. P. Lindholm*, for appellee.

REED, J., delivered the opinion of the court.

Appellee obtained a judgment against appellant for five hundred dollars for damages from injury to a finger, which he alleged was caused by appellant's negligence. He was in the employ of appellant as one of a section gang. At the time of the injury the gang was at work on one of the appellant's main line tracks, substituting new rails for old ones. The new rails had been distributed along the right of way. Appellee, with other laborers, was engaged in pulling out spikes,

holding the old rails to the cross-ties, by the use of a clawbar, or iron lever used to pull spikes, when one of the spikes gave way suddenly, perhaps by reason of its head snapping off, and he fell to the ground with the bar in his hand, mashing his finger between the bar and one of the new rails.

Appellee claimed liability on the part of appellant because: (1) He was not furnished a reasonably safe place to work; and (2) he should have been warned and instructed as to the alleged perils of his position. He further claimed that he did not receive the medical attention to which he was entitled as a member of the hospital department of appellant company, and that there was a failure to get him to a proper place of treatment in a reasonable time.

We do not see that any of these contentions by appellee are supported by the proof. The new rails strewn beside the track along the right of way, ready for use in replacing the old ones, did not render the roadbed an unsafe place for the work which was being done by appellee. The track and roadbed were reasonably safe places in which appellee and his fellow laborers could do their work in replacing new rails for old ones, which included the pulling of spikes from the old rails.

It was not incumbent upon the appellant to give any warning and instruction to appellee regarding any dangers or perils connected with the work in which he was engaged. Such dangers were ordinary hazards, patent to the average workman, or such as were easily discoverable in the exercise of ordinary intelligence and care. The proof shows that appellee was not without experience in the work of a section hand about railroad tracks and roadbeds, and that the work then being done was not unusual, but was ordinary. From the facts in evidence we believe that appellant could have rightfully assumed that appellee possessed such experience and judgment ordinarily found in workmen of his grade, and that

he was reasonably skilled in the work he was undertaking.

Conceding for this consideration only, but not deciding, that appellee might have a right to recover for damages from increased suffering due to a failure to receive proper medical attention and hospital treatment to which he was entitled as a member of the hospital department of appellant company, we do not find that the proof in this case sustains his claim to such damages. When he was injured he placed himself under the care of one of the district surgeons of the hospital department, and received from him medical and surgical treatment in his home town. It does not appear from the proof that this surgeon was incompetent, nor is it shown that he failed to give the proper attention to the case. Appellee was finally sent to a hospital at the suggestion of the surgeon, who continued to treat him until he was furnished transportation and sent to the hospital. No unreasonable delay is shown in furnishing the transportation and sending appellee to the hospital.

The peremptory instruction asked by appellant when all of the testimony had been introduced should have been granted by the trial court.

Reversed, and judgment here in favor of appellant.

*Reversed.*