ANDERSON *v.* McGREW.

(Division A. May 27, 1929.)

[122 So. 492. No. 27930.]

*Welch & Cooper,* of Laurel, for appellant.

*Collins & Collins,* of Laurel, for appellee.

Argued orally by *Ellis B. Cooper,* for appellant, and by *Jeff Collins,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The appellant owns and operates a soft drink bottling establishment. The appellee, a minor, was employed therein to cap bottles after they were filled, and this appeal is from a judgment for the appellee for damages from an injury alleged to have been received by him on account of appellant's negligence.

The bottles, made of glass, after being filled, were placed by the operator under a capping machine, which fitted a cap over the mouth of the bottle. Not infrequently the bottles would burst while being capped, and pieces of glass would fly therefrom. In order to prevent glass from broken bottles from flying towards the operators, it was customary to place a small shield between the operator and the bottle. McGrew, the appellee, while operating a capper, was injured by glass from a burst bottle, which struck and injured his arm. The evidence for the appellee shows that he had been operating the capper for about a month, and that the capper was equipped with a shield. According to the appellant, the capper was equipped with a shield, but the operators removed the shield, as it interfered with their work; that gloves were supplied to the capper operators, which covered practically all of each of their arms, and, when worn, fully protected their arms from flying glass. A pair of such gloves, according to the appellant, but denied by the appellee, were fitted on the appellee when he first

commenced to operate the capper, and he was advised of the necessity for wearing them and instructed not to operate the capper without putting them on. According to the appellant, the gloves were kept, when not in use, on a shelf near the capper, and were used by the day operator on the day before and the day after the appellee was hurt, the appellee having received his injury while on duty as a night operator; and, if these gloves had been worn, he would not have been injured.

The appellant requested, but was refused, the following instruction: "The court instructs the jury for Mrs. Anderson that, even though you may believe the guard was not on the machine, still if you believe from the evidence that defendant supplied for plaintiff's use gloves which, if worn, would have prevented the injury complained of, and that plaintiff was advised of this availability for use and knew of this purpose and was instructed to wear them to prevent injury from exploding bottles, then under the law it is your sworn duty to find for defendant." This instruction should have been granted.

It is said by the appellee that this instruction was properly refused for the reason that it does not appear from evidence that the gloves were in the plant at the time the appellee was injured. The evidence relative thereto has been hereinbefore set out, and, in the absence of any negative evidence relative thereto, is sufficient to indicate that the gloves were in the plant and available to the appellee. We have left out of view, assuming the appellant's evidence to be true, that the appellee did not look for the gloves and violated his instructions in operating the capper without them.

One of the appellee's instructions charged the jury "that the law imposes upon the defendant the duty to furnish plaintiff a reasonably safe place in which to work," etc. This instruction is inaccurate for the reason that the master's duty to furnish his servant with a rea-

sonably safe place in which to work is not absolute, but is to exercise reasonable care to furnish the servant with a reasonably safe place in which to work. *Hook* v. *Mills*, 101 Miss. 91, 57 So. 545; 39 C. J. 313. It will not be necessary for us to determine whether this error alone would here require a reversal, for the reason that the judgment of the court below must be reversed because of the appellant's instruction hereinbefore set out. ·

*Reversed and remanded.*