SEIFFERMAN *v.* LEACH.

(Division B. Jan. 4, 1932.)

[138 So. 563. No. 29675.]

Moody & Johnson, of Indianola, and **Watkins, Watkins & Eager**, of Jackson, for appellant.

Farish & Bell, of Greenville, for appellee.

Argued orally by **Elbert Johnson** and **W. H. Watkins, Sr.**, for appellant, and by **H. P. Farish**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellee sued appellant, a nonresident, by way of an attachment in chancery and alleged in his bill that on the 24th day of June, 1930, appellee was in the employ of appellant as a helper in and around a plantation saw-mill, and that on said day appellant negligently ordered appellee into a place of danger, where appellee, in the attempt to obey said order, was seriously injured by coming into contact with an exposed set screw on a re-

volving shaft. It appears that the set screw in question was on an adjustable collar inside the frame of that part of the equipment which supports and holds the saw firmly in place, the said collar being on the line shaft. Inside of the said frame, as best we can make out from this rather unsatisfactory record, was a pulley which carried a belt to a sawdust conveyor. On the day mentioned, this belt became loose, and according to appellee he was directed by his employer to go within this frame and lace said belt. In order to do so, as he says, he was brought into proximity with said revolving set screw which caught in his clothing and wound him upon the line shaft.

The bill alleges several grounds of negligence: (1) That appellant failed to furnish appellee with a safe place in which to work; (2) that appellant failed to furnish and use safe machinery; (3) that appellant failed in his duty to warn and instruct appellee how to do the work; and (4) that appellant ordered appellee into a place that was dangerous because the machinery was in motion and appellant negligently failed to have the machinery stopped.

We have been unable to discover on what theory the court adjudged liability, whether on one of the above-stated propositions or upon more than one, or upon a general combination of all of them. We are obliged therefore to refer to each of them, and we do so in the inverse order.

It cannot be said, as a fixed rule, that there is negligence in having a particular belt repaired, or some other minor repair made, while the machinery is moving. We may suppose a plant where there are hundreds of operatives. If to repair a belt at some particular machine in that plant the entire machinery would have to be stopped in order to prevent a possible injury, a requirement would be imposed which might be entirely unrea-

sonable; whereas, there would be in the same plant some repairs or adjustments so obviously impossible to make without great danger that the whole plant would have to be stopped. The rule or test in that respect is that which we shall later undertake to state.

The complaint about appellant's having failed to warn appellee has no place in this case, because the undisputed testimony shows that appellee was an experienced mill worker, and knew all about this particular mill. He knew the details of its construction and knew exactly of the presence and position of the set screw of which he complains, and he knew that the machinery was running when he entered upon the undertaking to lace the belt, and this latter undertaking as well as the exact situation in which it was to be done were matters about which he was as well acquainted as was appellant.

The complaint about unsafe machinery has reference to the exposed set screw. The testimony shows that in all mills of this kind the common, if not universal, practice is to leave the set screws, on the adjusting collar within the frame, exposed and unguarded as was the case here; and this common practice negatives the charge of negligence, in so far as complaint solely of the set screw is concerned. There are many cases in the books dealing with the particular subject of liability for unguarded set screws. We think it will be found on a review that the question has its solution in the particular locality of the set screw. If in a place where workers and others are frequently required to be or to pass, then such set screws are generally held to be negligently exposed, while it is not negligence if at a point in the machinery where no person is ordinarily required to be. See 3 Labatt, section 976.

This brings us to the complaint of an unsafe place to work. The ground of liability in respect to unsafe places to work is not danger, but negligence. The rule is one

of reason. There are many places in and around machinery which are dangerous and cannot be made otherwise. Those who work there, work in unsafe places, but this does not make the master liable as for furnishing an unsafe place in which to work. The place complained of in this case was not a permanent place to work, and we are not called on to discuss the requirements in respect to permanent places for the performance of the daily task or tasks of the employee. The employee here was sent to make a minor repair at a place where the workers were ordinarily not required to be, and the test in such a case is this: Was the situation such that the employer could properly and justly assume, as a reasonably prudent man, that the particular employee could safely do the particular piece of work, at that particular place, if he took reasonable care and caution in his own behalf? It is not enough that the employer could see that the employee might possibly be hurt; or that he probably would be if he took no care for his own safety; for if the rule were as thus stated, employees would be permitted to abandon all obligations of any care on their part and employers would become insurers of all possible injuries in mills and factories.

As already stated, appellee here knew of the set screw; knew that the machinery was in motion; was an experienced mill worker and knew as much about the situation as did his employer. If there was negligence on the part of the employer in respect to the set screw or the moving machinery or the situation in general, then appellee was guilty of contributory negligence. See the cases cited 3 Labatt, pp. 3464, 3465. And this contributory negligence is disclosed by appellee's own testimony. In any event, therefore, the chancellor should have abated the amount of the recovery in proportion to the contributory negligence. The decree was for fifteen thousand dollars, which, when compared with the injuries suffered, shows

that there was no abatement, but that the full amount for the injuries sustained was allowed.

The decree must therefore be reversed, and the cause remanded for a new trial, both as to amount and as to liability. If there be liability in this case, it must be upon the test which we have above herein stated; it is not enough that there was an unguarded set screw, or that the machinery was moving. These are only elements in applying the stated test.

Reversed and remanded.