McLemore & McArthur *v.* Rogers.

(Division B. March 5, 1934. Suggestion of Error Overruled April 2, 1934.)

[152 So. 883. No. 31098.]

Watkins & Eager, of Jackson, and G. Wood Magee, of Monticello, for appellants.

654

**E. B. & H. J. Patterson,** of Monticello, **R. T. Hilton,** of Jackson, and **W. D. Hilton,** of Mendenhall, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The testimony is sufficient to support the following findings of fact, viewed in the light of the verdict of the jury: Appellee was employed as a day laborer by appellant firm in the work of reconstructing a courthouse. On the occasion in question a steel beam of considerable weight and length was being hoisted from the ground to the top of the north outside wall, which wall was about thirty-two feet high. Appellee was directed to stand on

the ground near the wall and outside thereof and to manipulate a guy line attached to the beam, so that in its ascent the beam would not strike the wall or cornice. To do this it was necessary that appellee should constantly keep his face upward and his eyes fixed upon the beam as it ascended.

There were ten of these beams placed and to be placed, each with one end on the south wall and the other end on the north wall. At appropriate intervals on the inside of the top of the north and south walls there were cups or holes left in the brick work for the reception of the ends of these beams, and, after the beams were put in place, the remainder of the cup or hole not filled by the end of the beam would be filled with concrete. While the fifth beam was being raised and had reached within about two feet of the top of the wall, and while appellee was holding the guy line and guiding the beam, with his face upturned and his eyes intently focused upon the beam, another servant working from the inside of the top of the wall was pouring concrete from a bucket into one of the receptacle cups or holes for a beam end, and at a place approximately above where appellee was engaged with the guy rope. In pouring the concrete, the servant above did it, at the instant in question, in such a negligent manner that a batch of concrete splashed over the wall and struck appellee in the face with great force, and seriously and permanently injured his right eye.

The servant pouring the concrete from the inside of the top of the wall was in such position that he could not be seen by appellee working thereunder on the outside of the wall, and appellee did not know that concrete was being poured within a dangerous zone above him. No warning was given him thereof, and no guard or other device was used to prevent the splashing over of the concrete. Appellants admit that they knew that, in pouring the concrete as was done, some fragments of it were likely to splash over and fall to the ground, but they

contended that no practical guard would prevent it, and that, in any event, any concrete which splashed over would fall to the ground immediately next to the wall, and would not fall on a worker handling a guy line a few feet from the wall as appellee was doing. Appellants further defended with testimony to the effect that no concrete was poured until all the beams had been put in place, and that in fact no concrete was poured while appellee was assisting in hoisting the beam.

As to how far fragments of semiliquid concrete would likely fall away from the foot of a thirty-two-foot wall when splashed over the top thereof as a result of the pouring of the concrete out of a bucket into a hole on the top of the wall was typically a question for the determination of a jury. Semiliquid concrete simply poured over the top of a wall would, of course, fall nearly straight down to the ground, but splashed concrete, as was likely when poured out of a bucket, would take a curved course and would strike the ground at a distance from the foot of the wall according to the height of the wall and the force of the splash—this was typically a matter for the jury. The other issue that the concrete was not poured until all beams were in place and until there was no occasion for a worker to be on the ground guiding the beams in their ascent was on sufficient evidence found against appellant firm by the jury, and its only significance now in the case is that it discloses the method of work which should have been pursued by appellants, but which, according to the weight of the evidence, they did not actually pursue.

The general principle is that, where the master has used reasonable care to furnish a reasonably safe place to work, the character of the work considered, and like care to furnish reasonably safe appliances with which to work, the duty rests upon the servant to take care of himself as to all the ordinary and obvious dangers which arise in the progress of the work. Brown v. Coley (Miss.), 152 So. 61. The converse is equally true that,

where the master places his servant at a place and in a character of work which exposes the servant to hazards against which the servant cannot, by the use of due care, protect himself and at the same time do his work, the master must then take reasonable care to warn the servant or to erect guards, if either of these are reasonably practicable, and, if not, the master must so order and control the method of work as to obviate the danger, so far as reasonably practicable. The case here falls exactly within the principle of adjudication which was applied in Coast Ship Co. v. Yeager, 120 Miss. 152, 81 So. 797. See the comment thereon in Tatum v. Crabtree, 130 Miss. 462, 474, 94 So. 449, and note the reasoning employed in Gulf Refining Co. v. Ferrell, 165 Miss. 296, 147 So. 476. Compare Hammontree v. Cobb Const. Co. (Miss.), 152 So. 279.

The seventh instruction, granted at the request of appellants, is a substantially correct statement in concrete form of the law of this case, and the affirmance of the judgment may be rested upon the facts when applied to that instruction, which reads as follows: ''The court instructs the jury for and on behalf of the defendants McArthur and McLemore that before the plaintiff can recover in this case the burden of proof lies upon him to establish to your satisfaction from a preponderance of the evidence that at the time he was injured he was situated in the performance of his duty at some place so near the wall of the building as to be in danger of falling concrete therefrom; that he was at the time engaged in guiding to the top of the building a beam, and that while he was so guiding said beam the defendants McArthur and McLemore were causing concrete to be poured into the forms, and that through the negligence of said McArthur & McLemore, or their agent, Ruben McLemore, concrete was cast in the plaintiff's eyes and he was injured thereby.''

There is sufficient evidence to meet the burden placed upon appellee by that instruction and as to every ele-

ment therein pronounced as essential. And, since the evidence meets the test prescribed by appellants themselves, there is left to them no maintainable complaint on the issue of liability, since we must accept the facts as found by the jury when supported, as is the case here, by reasonable and substantial evidence.

The principal instruction granted at the request of appellee is technically erroneous, for the reason that it does not declare the duty of the master to be to take reasonable care, but states in effect that his duty is absolute. We called attention to this prevalent error in Barron Motor Co. v. Bass (Miss.), 150 So. 202, 204. But the error will not require a reversal in this case, because the evidence discloses that the master here did not take any care in regard to the safety of this servant, and is therefore not harmed by the absence of the qualification of reasonable care.

The verdict seems to us to be too large, but we cannot say that it is so far out of reason as to authorize us to interfere, particularly in view of what we did in Teche Lines, Inc., v. Bateman, 162 Miss. 404, 139 So. 159, which is a very similar case on the facts of the injury. We have examined all the other errors assigned, and are of the opinion that none of them are sufficient for a reversal.

Affirmed.