## McComb Box Co. *v.* Duck.

(Division B. Dec. 9, 1935.)

[164 So. 406. No. 31976.]

**Brady, Dean & Hobbs**, of Brookhaven, and **Williams & Hunt**, of McComb, for appellant.

450

Hugh V. Wall, of Brookhaven, for appellee.

Argued orally by **Junior O'Mara** and **T. Brady, Jr.**, for appellant, and by **Hugh V. Wall**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee brought this action against appellant in the

circuit court of Pike county to recover damages for a personal injury received while in appellant's employ, as the result of its alleged negligence in failing to furnish him a reasonably safe place to work. The trial resulted in a verdict and judgment for appellee in the sum of one thousand dollars. From that judgment, appellant prosecutes this appeal.

Appellant argues with much confidence, and a good deal of show off reason, that the court erred in refusing its request for a directed verdict. We see no good purpose to be accomplished in setting out the evidence on the issue of liability. It is sufficient to say that the evidence for appellee tended to establish liability, while there was substantial evidence to the contrary. It was, therefore, a question for the jury and not for the court.

The court instructed the jury for appellee that it was the duty of appellant to furnish appellee with a reasonably safe place to work, and if the preponderance of the evidence showed that appellant failed so to do, and that such failure was the proximate cause of the injury, their verdict should be for appellee. Appellant assigns and argues as error the giving of this instruction, because the necessary qualification, that appellant was only required to use reasonable care to furnish a reasonably safe place to work, was left out; in other words, that by the instruction the court told the jury that the duty to furnish a reasonably safe place to work was an absolute one. Appellant's criticism of the instruction is well founded. Hooks v. Mills, 101 Miss. 91, 57 So. 545; Anderson v. McGrew, 154 Miss. 291, 122 So. 492; Barron Motor Co. v. Bass, 167 Miss. 786, 150 So. 202; McLemore & McArthur v. Rogers, 169 Miss. 650, 152 So. 883; Gulfport Creosoting Co. v. White, 171 Miss. 127, 157 So. 86. The instruction as given would require the master to furnish a reasonably safe place to work whether such a place could be provided by due care or not. The principle would make the master liable for injury to the servant as the result of dangers

incident to and inherent in the employment, dangers that could not be remedied by reasonable care on the part of the master, or, in other words, dangers assumed by the servant when he accepts the employment.

In a case like this, where the evidence is strongly conflicting on the issue of liability, such an instruction is calculated to mislead the jury. Appellee argues that the error in the instruction was cured by other instructions. We disagree with appellee; there was nothing in the other instructions curative of the error.

Reversed and remanded.