METROPOLITAN LIFE INS. CO. v. EVANS.

(Division A.   Nov. 14, 1938.)

[184 So. 426.   No. 33386.]

Wells, Wells & Lipscomb, of Jackson, and Welch & Cooper, of Laurel, for appellant.

862

863

866

Leonard B. Melvin, of Laurel, for appellee.

Argued orally by **W. Calvin Wells, Jr.,** for appellant and by **Leonard B. Melvin,** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a judgment awarding the appellee a recovery on a total disability clause of a life insurance policy. When the case came on for trial, the appellant applied for a continuance thereof because of the unavoidable absence of the physician, one of its witnesses. The Court declined to continue the case holding erroneously, as will hereinafter appear, that the proposed

evidence of the physician was privileged under Sec. 1536, Code of 1930.

In 1936 the appellee was employed by Gilchrist Fordney Company, which was engaged in the manufacture of lumber. According to his evidence, he received a blow on the stomach in November, 1936, from which he was laid up until the following January, when he reported to his employer who put him "to piddling around for about three weeks." He was then given his regular job, but was unable to hold it, but did work "off and on" at light jobs until about August 17, 1937. According to a physician who testified in his behalf, he was totally and permanently disabled with an "enlarged heart and prostatic enlargement and hypertension," or high blood pressure. In support of its contention that the appellee was not permanently and totally disabled, the appellant offered another physician who would have testified that he made a physical examination of the appellee and found nothing of consequence the matter with him. On objection to this testimony, it was excluded as being privileged under Sec. 1536, Code of 1930, which provides that: "All communications made to a physician or surgeon by a patient under his charge or by one seeking professional advice, are hereby declared to be privileged, and such physician or surgeon shall not be required to disclose the same in any legal proceedings, except at the instance of the patient." In connection with this testimony, and in support of its competency, counsel for the appellant offered to prove that this physician was employed by the appellant to make a physical examination of the appellee and to report the result thereof to the appellant for its consideration in determining whether or not the appellee was disabled within the meaning of the policy; that the appellee voluntarily presented himself to this physician, not for the purpose of receiving treatment for, or advice as to, his physical condition, but solely for the purpose of permitting the physician to examine him and report his (the physician's) findings to the

appellant—the expense of the examination being paid by the appellant. If the facts thus stated are true, this privileged communications statute has no application, for the appellee was not a patient of this physician and was not seeking professional advice from him, but, on the contrary, was submitting himself to an examination by the physician for the purpose of enabling him to report the facts he might thereby find to the appellant. The privilege of the statute, therefore, not only did not arise but was also waived. Norwood v. State, 158 Miss. 550, 130 So. 733; Keeton v. State, 175 Miss. 631, 167 So. 68; Dixie Greyhound Lines, Inc. v. Matthews, 177 Miss. 103, 170 So. 686. This physician was a competent witness as would also have been the absent physician hereinbefore mentioned—his examination of the appellee having been made under the same circumstances.

The appellee testified as to his physical condition. While on the witness stand, he was asked, but declined, to permit a physician to examine him physically, as he sat in the witness chair, as to his heart, blood pressure, prostate gland, abdomen, and legs. Counsel for the appellant then requested the Court to compel the appellee to submit to such an examination by a physician selected by the Court, whose charges therefor would be paid by the appellant. This the Court declined to do, and committed no error thereby. The appellee had made no exposure of his person in connection with his testimony, nor had otherwise waived the inviolability of his person, and no part of this examination could have been made without an exposure of some portion of his person. Yazoo & M. V. R. Co. v. Robinson, 107 Miss. 192, 65 So. 241; Dixie Greyhound Lines, Inc., v. Matthews, supra; cf. Teche Lines, Inc., v. Bounds, Miss., 179 So. 747.

Two of the appellee's instructions to the jury are as follows: "The court instructs the jury for the plaintiff that if, as a result of the disability complained of by plaintiff, common care and prudence would keep insured from performing work of any character, even though he

made an effort and had physical strength to perform some work with pain and suffering, yet under the terms of his policy you are entitled to find that plaintiff was totally and permanently disabled from performing any work for compensation; and if you further find that said disability originated before August 17th, 1937, it is your sworn duty to find for the plaintiff in the amount sued for.''

''The court instructs the jury for the plaintiff that if you believe from a preponderance of the evidence in this case that the plaintiff is unable to do manual labor, it is your sworn duty to find for the plaintiff; if you further believe from a preponderance of the evidence that the plaintiff is not fitted by training and experience to perform any other kind of work for remuneration or profit in a substantial way.''

The first instruction is inaptly worded in that it seems to assume that appellee was in fact suffering from the disability complained of and then charges the jury properly if the disability in fact existed. The second instruction is erroneous in that it permitted the appellee to recover if he ''is unable to do manual labor,'' without connecting his inability to do manual labor with the particular causes therefor complained of in the appellee's declaration. Whether the defects in these two instructions would of themselves alone require a reversal of the case is not necessary to be here decided.

Complaint is made of two instructions refused the appellant, which read as follows: (1) ''For the defendant, you are instructed that the mere fact that the plaintiff cannot now obtain employment as a sawmill laborer because of his infirmity, if any, does not entitle the plaintiff to a verdict.'' (2) ''You are instructed for the defendant that unless you believe from the evidence that the work done by the plaintiff on or prior to August 17th, 1937, unduly endangered his life or health, you cannot find for the plaintiff but it is your sworn duty to find for the defendant.'' No error was committed in refus-

ing these instructions. The first "was argumentative, a charge on the weight of the evidence, and also singled out and gave undue prominence to certain portions of the evidence, to the exclusion of the remainder." Potera v. Brookhaven, 95 Miss. 774, 49 So. 617, 619; Odeneal v. Henry, 70 Miss. 172, 12 So. 154; Mississippi Cent. Railroad Company v. Hardy, 88 Miss. 732, 41 So. 505; Hooks v. Mills, 101 Miss. 91, 57 So. 545. There are at least two defects in the second instruction. (1) The appellee claims to have been permanently and totally disabled on or about August 17, 1937; that he may not have been so disabled prior to that date is of evidential value, but not determinative of his right to recover; and (2) the appellant is not relieved from liability to the appellee if the appellee could have continued to work without unduly endangering his life or health. The appellee may have been able to continue at work, but it was not necessary for him to so do if common care and prudence, under the circumstances, so required.

Reversed and remanded.