APONAUG MFG. CO. *v.* HAMMOND.

(Division A.  March 20, 1939.)

[187 So. 227.  No. 33609.]

Bozeman, Cameron & Bozeman, of Meridian, and **L. J. Wise,** of Yazoo City, for appellant.

Barbour & Henry, of Yazoo City, for appellee.

Argued orally by **Ben H. Cameron,** for appellant, and by **J. F. Barbour,** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellee recovered a judgment against the appellant, his employer, for a personal injury alleged to have been caused him by the negligent failure of the appellant to furnish him with a safe place in which to work. One of the assignments of error is that the court below refused the appellant's request for a directed verdict.

The appellant owned and operated a textile manufacturing plant. The room of this plant, in which the appellee was at work when his injury occurred, is about thirty-six by forty feet in size, and below it is a boiler room, which is reached by a stairway at the northwest corner thereof extending down about seven feet. At the south end of this room is a bench on which are covered rollers. A short distance north of this bench is a burning down machine. To the west of this machine a short distance from the western wall of the room is an electric generator, and a short distance north of the burning down machine is a band machine. On the eastern side of the room is a large steam engine with a passageway between it and the band machine of several feet. North of the band machine and several feet from the engine are several shafts and pulleys, and north of them beyond the steam engine is a stairway leading into the basement below, which stairway is surrounded by a railing. Against the western wall of the room, several feet from the north wall thereof, is a bench or table about eight feet long on which machinery, when broken, is welded. About halfway between this welding bench and the stairway to the basement are two metal valves, a water valve, and a steam valve, which project about three feet above the floor, the water valve being opposite the north end of the welding bench and the steam valve opposite the southern end thereof. Welding of broken machinery was

habitually and daily done on this welding bench, or, when the machinery was too large, on the floor between the welding bench and these two valves, a blow torch being used therefor. The appellee's duties required him at frequent short intervals to attend the covered rollers at the south end of the building, the burning down machine, the generator, and the boiler in the room below the engine room, to which the steps near the northwest corner of the engine room lead. About four o'clock in the afternoon a broken spinning rail, about eighteen feet long, was brought into the engine room and placed on the floor between the welding bench and the two metal valves diagonally to the welding bench so that it might be welded together. Davis, the appellant's master mechanic and superintendent, did this welding, consuming about two hours in so doing. In order to level the rail so that it could be properly welded and also to protect the floor from the welding torch, it was necessary to elevate this rail above the floor. This was done in the usual manner by placing under the rail iron discs of different sizes. After the welding of this rail had been completed, it was necessary for it to remain where it was in its then position for some time before being removed therefrom in order for the welding to become perfect.

The appellee knew of the presence of this spinning rail, and that it was being welded. While the welding was being done, he made his frequent short interval inspections of the machinery. When at the covered rollers in the south end of the room, he would go from there to the generator, from there back of the band machine, and through the space between that machine and the engine, and from there to the steps leading to the boiler room. So to do required a few more steps than to go from the generator along the west wall of the room and by the welding bench. Immediately after Davis finished welding this spinning rail, and while he and his helper were standing near it, the appellee, after inspecting the generator, instead of going the route he had theretofore

pursued to the steps into the boiler room, he went along the west wall of the room and when he arrived at the spinning rail stepped over it onto one of the metal discs, which was lying on the floor near the rail, which caused him to slip and fall, his head striking the water valve. He says that he would have gone the other route, but forgot for the moment of the presence of this spinning rail, and of its being then welded. According to the evidence for the appellant, his injury did not occur in this way and was caused through his own negligence and not that of the appellant. This evidence, however, we will of course put on one side and not consider. According to the evidence for the appellant, this space between the two metal valves and the welding bench was set apart for welding purposes and was not to be used as a passageway by the appellant's employees. The appellee says that he did not himself use it as a passageway when welding was there being done, for two reasons: (1) Not to interfere with the workmen engaged in the welding, and (2) to avoid the intense heat of the welding torch. In his own language: "I wouldn't have wanted him to burn me up."

The appellee's complaint is that the presence of this spinning rail and the iron disc on the floor of the room in which he was required to work rendered it unsafe therefor, thereby violating the appellant's duty to furnish him with a safe place in which to work. "The duty of the master to furnish the servant with a safe place to work is not absolute, but it is simply to exercise reasonable care to furnish the servant with" a place in which to work that is reasonably safe (Hooks v. Mills et al., 101 Miss. 91, 57 So. 545, 546; Anderson v. McGrew, 154 Miss. 291, 122 So. 492; Barron Motor Co. v. Bass, 167 Miss. 786, 150 So. 202; Gulfport Creosoting Co. v. White, 171 Miss. 127, 157 So. 86; Columbus & G. R. Co. v. Coleman, 172 Miss. 514, 160 So. 277), when the servant himself exercises "reasonable care in its normal use." Newell Contracting Co. v. Flynt, 172 Miss. 719, 161 So.

298, 301, 743; Favre v. Louisville & N. R. Co., 180 Miss. 843, 178 So. 327; Seifferman v. Leach, 161 Miss. 853, 138 So. 563.

Tested by this rule it is clear that no inference of negligence on the part of the appellant can be here drawn. The appellee was provided with a perfectly safe way to go from the generator to the boiler room, which way he himself had been using. He knew that the welding was being done in the accustomed place therefor, and that he was not expected to use that place as a passageway when welding was being there done, but he says the reason that he went through the welding place was that he forgot that welding was then being there done. This may be true. Nevertheless, he did know of it before he stepped on the iron disc for he saw the rail when he arrived at it, and then the chance of stepping over it. He does say that there was some smoke near the rail, caused, he seems to say, by the welding process which prevented him from seeing the disc. Nevertheless, he did see the rail, and knew therefrom what was being done and that he should not be there. But this aside, for we are not considering whether the appellee was guilty of contributory negligence, the appellant had no reason to anticipate that the appellee would use the welding place for a passageway while welding was being there done. There was, of course, a possibility that he would do so, but the appellant is not guilty of negligence in not so anticipating. Seifferman v. Leach, supra. The appellee, on his direct examination, when testifying as a witness, said that this welding was being done in a place where he was required to work, but on cross-examination he made it clear that he did not use that place when welding was being done there, and, by clear inference therefrom, was not expected so to do. The appellant's request for a directed verdict should have been granted.

Reversed and judgment here for the appellant.