**WESTMORELAND et al. v. MISSISSIPPI POWER & LIGHT CO.**

No. 12460.

United States Court of Appeals
Fifth Circuit.

Feb. 16, 1949.

Rehearing Denied May 12, 1949.

Ross R. Barnett, of Jackson, for appellants.

Forrest B. Jackson and Milton H. Mitchell, both of Jackson, Miss., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Our decision in this case is governed by the law of Mississippi, as announced by the Supreme Court of that state in Roberts v. Mississippi Power & Light Co., 193 Miss. 627, 10 So.2d 542. Although both cases arose out of the same state of facts, the judgment of the state court is not res judicata of this action, because the parties are different; and the appellants here are not bound by the facts as presented to the state court in the Roberts case, supra; but, where the facts in the two cases are not materially different, the law as applied to these facts in the Roberts case is binding upon us. Such facts are substantially the same in respect to both decedents at the time of the accident being on the land as employees of the State Highway Department, with similar duties, and working at the same task. As to their legal status and capacity in relation to the appellant, the Supreme Court of Mississippi in the above case said, 193 Miss. at pages 637, 638, 10 So.2d at page 544:

"If it were not enough that the use to which the premises was put was unusual, especially with respect to the manner in which such use was conducted, nonforeseeability may be further predicated upon

---

[3] See Rule 73(a).

[4] Cf. United States v. Gallagher, 9 Cir., 151 F.2d 556.

its use by those who were not invitees or patron's of the defendant company and therefore, as to it, bore the relation of trespassers or mere licensees. 2 Rest. Torts, Sec. 333(b).

"Plaintiffs cite Code 1930, Secs. 1504, 4998, as authorizing plaintiffs' decedent, acting under orders of the State Highway Department, to go upon the land of the defendant company for the purpose of preliminary survey. Such statutes divest the intruder of the penalties and responsibilities of a trespasser by justifying his act but it does not give him any greater rights than belong to a licensee. The duty of the owner of the land to guard against injury in such cases is governed by the rules applicable to trespassers. Milauskis v. Terminal R. Ass'n, 286 Ill. 547, 122 N.E. 78; Dunn v. Bomberger, 213 N.C. 172, 195 S.E. 364; Cooley on Torts, 4th Ed., Secs. 251, 440. It is unnecessary to cite authority to support the contention that an owner of land owes no duty to trespassers or licensees except to refrain from wilful or wanton injury. See Mississippi Digest, Negligence, ☞32, 33. There is no evidence that the defendant company knew of the presence of the decedent whose unfortunate death occurred shortly after he had begun work, and the case is therefore not governed by Farmers Gin Co. v. Leach, 178 Miss. 784, 174 So. 566. See 2 Rest. Torts, Sec. 345.

"There was therefore no error in the judgment of the court as to the defendant power company. Nor was there error in directing judgment for the defendant Patterson. Crossett Lbr. Co. v. Land, 121 Miss. 834, 84 So. 15; Seifferman v. Leach, 161 Miss. 853, 138 So. 563; Dobbins v. Lookout Oil & Refining Co., 133 Miss. 248, 97 So. 546; Yazoo & Mississippi V. R. Co. v. Downs, 109 Miss. 140, 67 So. 962; American Heating & Plumbing Co. v. Keene, 5 Cir., 96 F.2d 170; cf. Lee v. Reynolds, 190 Miss. 692, 697, 1 So.2d 487, 489."

■ Therefore, in the case before us, it makes no difference under the Mississippi law how great may have been the negligence of the appellee under the proof in this case, provided only that it did not amount to willful or wanton negligence: the appellee is not liable in damages for the decedent's death.

Affirmed.