DOBBINS *v.* LOOKOUT OIL & REFINING CO.

(Division A.   Oct. 22, 1923.)

[97 South. 546.   No. 23498.]

1. MASTER AND SERVANT. *Master's duty to warn inexperienced servant stated.*

Where a master knows, or ought to know, the dangers to which his servant will be exposed, and that the servant, by reason of his immature years or inexperience, or both, is unable to appreciate such dangers, it is the duty of the master to give the servant such instruction and warning of the character of employment as will reasonably enable him to understand and avoid its perils; but this principle has no application where the danger is so apparent that the servant, as well as the master, must have known of it.

2. MASTER AND SERVANT. *Dangers from holding chisel struck by sledge hammer held manifest to youthful employee, and not to require warning.*

Defendant employed plaintiff and another to break up a concrete floor in a building. In doing so, plaintiff placed a chisel with a shank three feet long on the concrete, and held it by such shank while a fellow servant struck the head of it with a sledge hammer. While so engaged the fellow servant missed the head of the chisel with the sledge hammer, and struck and injured plaintiff. Plaintiff was a youth of fifteen years of age, and received no warning or instruction from the defendant, as to the dangers incident to his employment. *Held,* no such instructions were necessary, because the dangers to which he was exposed were apparent, and known to the plaintiff as well as the master.

APPEAL from circuit court of Alcorn county.

HON. C. P. LONG, Judge.

Suit by J. F. Dobbins against the Lookout Oil & Refining Company. From a judgment of dismissal, plaintiff appeals. Affirmed.

*W. D. Conn,* for appellant.

The danger was obvious to any man of ordinary intelligence. If this were an adult, we do not think the declaration would be good; for the danger of being struck by the hammer and injured would have been reasonably apparent to such a man. But the party injured in this case was a mere lad. It is conceded that he was ignorant of any danger. Yet the court found from the declaration that the danger was obvious enough for "anybody of sufficient age to know anything about the law of self-preservation to foresee." The trial court appears to have left out of view the fact of appellant's youth.

All the courts seem to hold that consideration must be given to the tender age of an inexperienced employee, and that he is not in the same category with an inexperienced adult. 26 Cyc., 1173.

As to the duty of the master to warn a youthful servant, see 18 R. C. L., section 63, page 550, section 139, page 646; Labatt's Master and Servant (2 Ed.), section 1317, page 3728. A very large number of illustrative cases are grouped under appropriate headings in a note under section 1318 of Labatt's Master and Servant, beginning on page 3730.

It might develope on the trial of the case on its merits that the appellant was of sufficient intelligence to have apprehended his danger, and that in view of this fact he might not be allowed to recover; but this was for the jury, under proper instructions from the court, and we, therefore, ask this court to reverse the decision of the trial court, and send the case back for a trial on its merits.

*W. J. Lamb*, for appellee.

The appellant, a young man of fifteen years of age, was put to work with another employee of appellee tearing up a concrete floor. The appellant was holding a chisel, about thirty or thirty-six inches long, while the other employee was striking the chisel with a sledge hammer so as to tear up the concrete, and while performing this work the sledge hammer missed the chisel and struck the appellant

on the knee. The appellant seems to base his right of recovery in this case on the ground that he was a minor and inexperienced, and that the appellee had promulgated no rules nor given him any directions as to how this work should be performed.

The very principle contended for in this case was decided against the appellant in *Tatum* v. *Crabtreet,* 94 So. 449. What rule could have been promulgated, or what instructions given the the appellant, that would have given him any more information that he already had given him by nature, self preservation? All he was doing was holding the chisel. No amount of instructions could have given him any more information than he had, or made the place any safer for him to work. There was no complication whatever about this work, nor any dangerous position that either the appellant or the fellow servant was placed in. *Railroad Co.* v. *Price,* 72 Miss. 870.

The declaration in this case alleges that the appellant was fifteen years of age, but does not say that he was *non compos* or possessed of any less intelligence than the average fifteen year old boy. *Worthington* v. *Goforth,* 26 So. 534, hold: "The presumption of fact is that he was possessed of that degree of intelligence which is common to boys sixteen years of age, and the presumption of law, in the absence of evidence to the contrary is that a boy of that age is capable of recognizing and appreciating such ordinary and patent danger as is incident to climbing or attempting to climb upon moving cars. 1 Bailey, Pers. Inj., sec. 2767. There is nothing in this record to rebut either of these presumptions." See also 26 Cyc., page 1174. Nothing could be said that would give either a fifteen year old boy or a grown man any knowledge or any dangers in the work that he was performing, more than the natural laws of human instinct gives you. The appellant is not entitled to recover and there was nothing to submit to the jury. We respectfully submit that the case ought to be affirmed.

ANDERSON, J., delivered the opinion of the court.

Appellant, J. F. Dobbins, sued the appellee, Lookout Oil & Refining Company, in the circuit court of Alcorn county for damages alleged to have been suffered by him through the negligence of appellee. There was an original and amended declaration, to which demurrers were interposed for appellee and sustained by the court. Appellant having declined leave of court to file another amended declaration, final judgment was entered dismissing the cause from which appellant prosecutes this appeal.

Appellant makes the following case by his declaration: The appellee, a cotton oil manufacturing company, was engaged in overhauling and repairing its plant. Appellant was employed to assist in the work. He and another employee were directed by appellee's foreman to break up the concrete floor in the building. They were instructed to use in this work a chisel with a shank about three feet long and a sledge hammer. One of them placed the chisel at the desired place, and held it by the shank while the other drove it into the concrete floor by means of striking it with the sledge hammer. Appellant was placing and holding the chisel, while the other employee was driving it into the concrete with the sledge hammer. The fellow servant, using the sledge hammer, missed the head of the chisel, and struck appellant on the knee, causing a serious injury. Appellant was only fifteen years of age, and had never had any experience in the work in which he was engaged. Appellee gave him no instructions whatever as to the dangers and hazards of his employment. The failure to so instruct is the basis of the suit. That alone is relied on as the negligence of appellee, which made it liable to appellant for the injury he received.

Appellant contends that under the law, especially in view of his age, it was the duty of the appellee to give him proper instructions as to the method of performing his duties, and warn him of the dangers to which he would be exposed. There is no doubt about the soundness of the principle that, where the master knows or ought to know the dangers to which the servant will be exposed, and knows or ought to know that the servant, by reason of

his immature years or inexperience, or both, is unable to appreciate such dangers, it is the duty of the master to give the servant such instruction and warning of the character of the employment as will reasonably enable him to understand and avoid its perils. But this principle has no application where the danger is so apparent that the servant as well as the master must have known of it. In *Railroad Co.* v. *Price,* 72 Miss. 862, 18 So. 415, this court stated the principle thus:

"If the risk and danger to which the service required to be performed, exposes the servant are plainly apparent, both the instrumentality to be employed by the servant in performing the required service and the danger to be encountered in the use of the instrumentality being obvious, so as that there shall cease to be necessity for instruction or warning, the employer may remain silent, and leave the servant to avoid clearly seen danger by the reasonable use of his own faculties.' 72 Miss. 871, 18 So. 417.

See, also, 26 Cyc. p. 1173 et seq.; 4 Labatt's Master and Servant (2d Ed.), section 1318, p. 3730.

What was the necessity of instructions by the master in this case? Here, although the appellant was a youth of only fifteen years of age, he must have seen that there was danger of his co-employee missing the head of the chisel with the sledge hammer, and as a result he might receive a blow either on his hand or arm, or some other place about his body. This was perfectly apparent. If appellee had seen fit to instruct appellant of these dangers, the latter would not have been the wiser by reason thereof; he would have known no more than he knew before. Appellee was not required to do a vain and useless thing. This case is akin in principle to *Tatum* v. *Crabtree,* 130 Miss. 462, 94 So. 449. It was held in that case that the master is not required by law to promulgate rules governing the performance of their duties by his servants simply because the work about which such servants are engaged is dangerous to life or limb; that such rules are only required where, in addition to the danger, the work

of the servant is complex, and the conditions which may arise are uncertain and obscure, and that where no such complexity or obscurity exists, and the danger is manifest, no rules are required because rules under those circumstances would only serve to inform the servant of what he already knew. We hold that under the allegations of appellant's declaration no case of liability is made; that appellee was not negligent in failing to instruct appellant of the dangers to which he would be exposed because appellant already knew of such dangers. They were manifest.

*Affirmed.*