POPLARVILLE LUMBER CO. *v.* KIRKLAND.[*]

(Division B.   Jan. 9, 1928.)

[115 So. 191.   No. 26815.]

1. MASTER AND SERVANT. *Negligence in not furnishing safe place to work for employee removing lumber ends from cut-off saw held for jury.*

Evidence, in action for injury to employee in a planing mill from falling against cut-off saw while in performance of his duties of removing the ends of lumber cut off by such saw, *held* sufficient to go to jury on the grounds of negligent failure to furnish a safe place to work, because of the height to which the pieces were allowed to accumulate, placing him in danger of coming in contact with the saw, and on the ground of negligence in not housing the saw.

2. MASTER AND SERVANT. *Submitting question of employer's liability for not giving warning, unnecessary because of employee's understanding of danger, held error.*

There being nothing complex about employee's surroundings while performing his duties of removing ends of lumber from cut-off saw in planing mill, and the evidence showing that he fully understood and apprehended the danger of coming in contact with the saw, warning thereof was unnecessary, and it was error to submit the question of employer's liability in not giving such warning.

*Corpus Juris-Cyc. References: Master and Servant, 39CJ, p. 499, n. 3; p. 1137, n. 64; p. 1151, n. 73.

APPEAL from circuit court of Pearl River county.
Hon. J. Q. LANGSTON, Judge.

Action by Toxey Kirkland, by next friend, Mrs. Rachel Kirkland, against the Poplarville Lumber Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*J. C. Shivers,* for appellant.

Appellant should have been granted peremptory instruction. Most of the following cases have been decided since the passage of the statute on assumption of risk and contributory negligence: *Telegraph Company* v. *Cosnahan,* 105 Miss. 615.; *Yazoo & M. V. R. Company* v. *Perkins,* 108 Miss. 111, 66 So. 273; *Mississippi Central Railroad Company* v. *Bennett,* 111 Miss. 163, 71 So. 310; *Yazoo & M. V. R. Company* v. *Downs,* 109 Miss. 140, 67 So. 692; *Crossett Lumber Company* v. *Land,* 121 Miss. 834, 84 So. 15.

The appellee was not entitled to recover under the second and fourth counts of his declaration, both of which allege the proximate cause of his injury to be the failure of the defendant to warn him of the danger of slipping on the loose boards and of falling against the saw. Appellee was more than seventeen years old at the date of

his injury, and the law presumes in the absence of proof that he was a person of ordinary intelligence and could exercise his faculties of reasoning, and the record itself shows positively both by the testimony of appellee and all of the other witnesses that he did know all about the situation and that he did know that if he came in contact with the saw in question he would be injured, and that he did know that if he stepped on a loose board his foot was liable to slip and he was liable to fall against the saw. *Dobbins* v. *Lookout Oil & Refining Company*, 133 Miss. 248, 97 So. 546, is exactly in point on this question and is decisive of the same in favor of the appellant.

*J. M. Morse, Jr.*, for appellee.

Appellant contends that the peremptory instruction should have been given, and urges three reasons for his contention: 1st No negligence on part of appellant—it was simply an accident for which the appellants were not liable. 2nd. The saw was a necessary part of machinery, nothing was hidden or unusual, and the appellee knew of the dangers. 3rd. The place was reasonably safe. If wrong in these contentions, then the instructions were wrong. In support of appellant's contention he cites the following cases: *Telephone Co.* v. *Cosnahan; Railroad Co.* v. *Perkins; Railroad Co.* v. *Bennett; Crossett Lumber Co.* v. *Land;* and *Dobbins* v. *Lookout Oil Co. Telephone Co.* v. *Cosnahan*, is not in point and cannot be an authority in this case, because in that case the assumption of risk was a defense. Now this defense has been abolished by statute. *Railroad Co.* v. *Perkins*, does not apply for the reason that this case was subject to the defense of the assumption of risk; also the man constructed his own scaffold or so altered it that it was the same as a construction. *Railroad Company* v. *Bennett*, does not apply for the reason that the court only held in that case that the evidence was insufficient to carry the case

to the jury. *Railroad Company* v. *Downs,* does not apply for the reason that the facts in the Downs case show no liability. *Crossett Lumber Company* v. *Land,* does not apply nor does *Dobbins* v. *The Lookout Oil & Refining Company,* for the reason that the facts in those cases do not make out cases of liability.

As to appellant's contentions see : 4 Labatt's Master & Servant (2 Ed.), sec. 1364, p. 3935. The master and servant do not stand upon an equal footing, even when they have equal knowledge of the danger. *Shortel* v. *St. Joseph,* 104 Mo. 114, 24 Am. St. Rep. 317. The employee may rely upon the superior knowledge and experience of the employer, unless the defect is so glaring and extreme as to make the danger of using the utensil apparent to anyone. *Jenney Electric Light Co.* v. *Murphy,* 115 Ind. 566; 3 Labatt's Master & Servant (2 Ed.), sec. 1041, p. 2750; *Tissue* v. *B. & O. R. R. Company,* 112 Tenn. 91, 56 Am. Rep. 310. See, also, R. C. L. 565, p. 76; *Railroad Company* v. *Price,* 72 Miss. 662, 18 So. 415; 39 C. J., p. 514; *Hardy* v. *Lumber Co.,* 136 Miss. 355, 101 So. 489; Sec. 504, Hemingway's Code.

There is no assumption of risk by a servant where the master is guilty of negligence. See *Food Company* v. *Alves,* 117 Miss. 1, 77 So. 857; *Hardy* v. *Lumber Company,* 136 Miss. 355, 101 So. 489. *Brooks* v. *Oil Company,* 100 Miss. 849, 57 So. 228, is strikingly like the case now before the court.

As to the instructions, appellants has not pointed out why the instructions granted to appellee were wrong, and has in general terms, condemned them. Appellee was granted seven instructions, and they, together with the instructions of appellant, correctly state the law as it applies to this case. *Easterling Lumber Company* v. *Pierce,* 106 Miss. 672, 64 So. 461; *Sea Food Co.* v. *Alves, supra;* 17 C. J., p. 872.

Argued orally by *J. C. Shivers,* for appellant, and *J. M. Morse, Jr.,* for appellee.

Anderson, J., delivered the opinion of the court.

Appellee brought this action in the circuit court of Pearl River county against appellant to recover damages for an injury alleged to have been received by him through the negligence of appellant, while in the performance of his duties as one of appellant's employees, and recovered a judgment, from which appellant prosecutes this appeal.

Appellee was an employee of appellant in its planing mill, and was injured while engaged in the performance of his duties in the operation of the planing mill. The declaration is in four counts. Each count sets up that appellee was a laborer in appellant's planing mill; that in the mill was a planer's saw, called a "cut-off saw," which was placed on a wood platform about three feet high from the floor, and used to cut off or trim the ends of the lumber before the latter was run through the planer; that, when the ends were cut off by the saw, they fell on the floor; that it was a part of the duties of appellee to remove these ends of the boiler, where they were used for fuel; that, on the day the injury occurred, the ends had accumulated around the cut-off saw, and had to be removed by the appellee; that appellee was instructed by the foreman of the mill to remove them; that, in order to remove the ends, appellee was directed to pick them up, with his hands, from the top of the pile instead of from the bottom of the pile, as such ends could not be easily removed by pulling them out from the bottom of the pile; that the cut-off saw was unguarded and exposed; and that in attempting to remove the ends appellee stepped up on the pile of ends, and slipped and struck the saw, resulting in an injury to his right hand and arm.

In addition, the first count charges that the negligence of appellant consisted in its failure to provide appellee with a reasonably safe place in which to perform his work by negligently allowing the cut-off ends of lumber to accumulate unnecessarily, thus affording an insecure

footing to appellee. The second count makes the additional charge that the injury was caused by the negligence of appellant in not warning and instructing appellee of the perils attending the performance of his duties; and the third count, in addition, charges that appellant's negligence consisted of a failure on its part to provide appellee with a reasonably safe appliance with which to work, in that it failed to inclose, by a guard or a house, the cut-off saw which injured appellant's hand and arm; and the fourth count makes an additional charge that appellant's negligence consisted in the failure on its part, through its foreman to warn appellee of the dangers incident to his work.

The evidence showed that appellee was injured in slipping and falling while engaged in his duties of removing and caring for the cut-off ends of the lumber. The material evidence was conflicting, but the evidence for appellee tended to show that the cut-off saw, by which appellee was injured, was about eighteen or twenty inches in diameter; that it was placed on a table about three feet high, three feet wide, and three feet long; that about half of the saw was below the table, and half above; that this saw was used for cutting off the ends of lumber before the lumber was put through the plaining mill; that, when the ends were cut off by the saw, they fell on the floor, and were left there to accumulate until there was a pile something like two or three feet high before appellee was requested to move them, that it was part of appellee's duties to remove these ends when requested, and in removing them he could not begin at the bottom of the pile and pull them out, but had to step up some distance on the pile, and begin removing them from the top; that in so doing his foot slipped, and his hand and arm came in contact with the cut-off saw. The evidence tended to show further that this method of removing the ends of the lumber was dangerous, and that both appellee and appellant knew that there was danger of coming in contact with the cut-off saw in removing the trimmings in

that manner.  Appellee admitted in his evidence that
the danger was apparent, and that he was aware of it.
The evidence tended to show that the cut-off saw could
have been housed, or hooded, so as to prevent the em-
ployee, while removing the ends of the lumber, coming
in contact with it.  The evidence for appellant, however,
tended to show that an unhoused cut-off saw similar to
the one by which appellee was injured was in common use
in planing mills.

The trial court refused appellant's request for a di-
rected verdict.  That action of the court is assigned and
argued as error.  We think there was sufficient evidence
to go to the jury on the question of liability under the
first and third counts of the declaration.  The first count
of the declaration, as shown, charged that the place where
appellee was required to work was not a reasonably safe
one, because the cut-off ends of the lumber were permit-
ted to accumulate in such quantities as to place the em-
ployee removing them from the top in danger of coming
in contact with the cut-off saw.  The third count charged
that appellant's negligence consisted in its failure to
house the cut-off saw so as to prevent its employee re-
moving the cut-off ends of the lumber coming in con-
tact with such saw.  Each of those counts, if proven,
made a case of liability on the part of the appellant.

Appellant assigns and argues as error the action of the
court in submitting to the jury, by instructions given for
appellee, the question of liability on the part of the ap-
pellant under the second and fourth counts of the dec-
laration.  The second count of the declaration as shown,
charged that appellant's negligence consisted in its fail-
ure to warn appellee of the perils attending the perform-
ance of his duties.  The evidence showed, without con-
flict, that there was no necessity for such warning.  Ap-
pellee was seventeen years of age, and fully understood
and apprehended the danger of coming in contact with
the cut-off saw while performing his duties in removing
the ends of the timber.  If appellant had instructed ap-

pellee of such danger, it would have been no help to the latter. He would have been told what he already knew. There was nothing complex about appellee's surroundings while performing his labor. It was therefore error for the court to submit the question of liability to the jury under the second count of the declaration. *Dobbins v. Oil Co.,* 133 Miss, 248, 97 So. 546.

The fourth count of the declaration is substantially the same as the second count. It charges negligence on the part of the appellant in not warning appellee of the dangers attending his work. Therefore what has been said with reference to the second count of the declaration applies with equal force to the fourth count.

We do not think the trial court committed any other error which amounted to a denial to appellant of any substantial right.

*Reversed and remanded.*