BONELLI *et al. v.* FLOWERS.

(In Banc. January 12, 1948. Suggestion of Error Overruled February 23, 1948.)

[33 So. (2d) 455. No. 36615.]

John H. Culkin, of Vicksburg, for appellants.

Vollor, Teller & Biedenharn, of Vicksburg, and **Barnett, Barnett, Jones & Stone**, of Jackson, for appellee.

848

J. W. Sanders Cotton Mill Co. v. Bryan et al., 181 Miss. 573, 179 So. 741; Dobbins v. Lookout Oil & Refining Co., 133 Miss. 248, 97 So. 546.

Argued orally by **John H. Culkin**, for appellants, and by **Landman Teller**, for appellee.

**Roberds, J.,** delivered the opinion of the court.

Flowers suffered personal injuries in the operation of a ripsaw as an employee of appellants. He was seventeen years of age and inexperienced in operating a ripsaw. There is evidence appellants knew he was inexperienced. The work was extremely dangerous. It was their duty to instruct him about this work. The evidence is in dispute whether they did that. This was a question for the jury, which evidently they decided against appellants. There is ample evidence to support the verdict and we cannot disturb it.

The saw had no guard. There is evidence it was usual for such a saw to have a guard. This saw came equipped with a guard but it had been removed because, as a witness for appellants testified, a guard would slow up the work. Whether the absence of a guard was negligence was also a question for the jury.

The principles of law involved in the foregoing propositions are so well settled they need no citations to support them.

We find no reversible error, if error at all, in the instructions when all instructions are taken and considered together, which should be done.

The verdict is large but the injury was very painful and severe and we cannot say it was so large as to have come about as the result of bias and passion on the part of the jury.

We find no reversible error in the case.

Affirmed.