THOMAS *v.* MISSISSIPPI PRODUCTS CO.

In Banc. Feb. 27, 1950.

No. 37404 (44 So. (2d) 556)

Wells, Wells, Newman & Thomas, for appellant.

**Jackson, Young, Daniel & Mitchell,** for appellee.

**Lee, J.**

Appellant, Vernon Lee Thomas, filed his suit in the First Judicial District of Hinds County to recover damages from the appellee, Mississippi Products Company, Inc., on account of a serious injury to his left hand. His declaration was in three counts, charging negligence of the appellee in (1) failing to give instructions to and warn the appellant, who was inexperienced, about the performance of his duties, and (2) in failing to provide a guard on the ripsaw, and (3) in failing to provide a reasonably safe place to work. At the conclusion of appellant's evidence, appellee made a motion to exclude such evidence and direct the jury to find a verdict for the appellee. This motion was overruled. Thereupon the appellee introduced its evidence. When both sides rested, the appellee asked for and obtained peremptory instructions to find for the appellee on all three counts. The appellant was aggrieved at this action by the trial court, and prosecutes his appeal here.

The appellee, in this particular operation, was trimming thin sheets of veneer. For this purpose, it used a ripsaw. The saw was a circular blade mounted on a steel frame. It was driven by an electric motor and rotated toward the operator and his assistant. On top of the stationary equipment were steel rollers and bearing surfaces. There was a moving table on top of these rollers and bearing surfaces. The table was the only moving part. When pulled toward the operator, it would clear the saw blade. In this position, it was loaded and unloaded with the thin sheets of veneer before and after the trimming operation. When the veneer sheets had been placed on the table, the operator and his assistant pushed the table into the moving saw, and the saw cut across the width of the table. After this oper-

ation, they would then retract the table from the saw and remove the trimmed veneer.

Appellant, in his brief and argument, concentrates his complaint on the error in granting the peremptory on count (1), and abandons the assignment as to the other two.

The question therefore presented for decision is whether or not the trial court erred in granting the first peremptory. The answer thereto necessitates a consideration of the applicable principles of law, together with the evidence adduced at the trial.

 █ The well settled rule is that all evidence, and all of the reasonable inferences that may be drawn therefrom, must be taken as true in favor of the party against whom a peremptory instruction is asked. Stricklin v. Harvey, 181 Miss. 606, 179 So. 345; Long v. Patterson, 198 Miss. 554, 22 So. 2d 490; Allgood v. United Gas Corp., 204 Miss. 94, 37 So. (2d) 12; and cases there cited.

Appellant testified for himself, and his evidence for the purpose of this decision, must be accepted as true. It showed that he was 19 years old, a lumber stacker, without experience around machinery. In his application for the job, he gave his occupation as lumber stacker, and stated that he was twenty years old, because the company had a rule against employment of those under that age. When he first went to work, his job was hooking logs on a box car, out on the yard. He did this for about a week. His superior then put him to work around the ripsaw as an assistant to H. G. Phillips, who was the operator. His instructions were simply to pick the veneer up, put it on the table, tamp the ends, mash it down so the saw could cut it, and help the operator to push it through the saw. The mashing down was necessary because the veneer would buckle. The operator to the side used a stick or board to press the veneer down, and this caused the veneer on the other side to buckle. This stick or board was held within three to six inches of the ripsaw, which was exposed two

and a half to three inches above the table. Appellant's superior did not demonstrate the operation of the saw; and on several occasions saw appellant, with his hands on the veneer, push it through the saw, but made no comment. Neither did Phillips, the operator next to him, ever correct him. On the occasion in question, appellant picked up the necessary amount of veneer, put it on the table, tamped the ends, and mashed it down with both hands as he had always done. As he was pushing it through the saw, about three or four pieces of the veneer rode the saw, that is, slipped across the saw on the opposite side; and by his pushing, it slipped, and his hand with it, slipped across the saw, causing the injury complained about.

According to this evidence, Thomas was given insufficient instruction as to the performance of this dangerous work. If, by any stretch of the imagination, his superior thought that Thomas could be relied on to do this work, without instructions, yet, when he actually observed Thomas, on a number of occasions, doing the work in a dangerous manner, then, at least, such superior was under the duty to instruct him fully as to the danger, and correct him in the method being then employed. This failure to instruct raised an issue of negligence; and it was for the jury to say whether or not such failure proximately caused or contributed to the appellant's injuries.

In J. W. Sanders Cotton Mill Co., Inc., v. Bryan, 181 Miss. 573, 179 So. 741, Bryan, a seventeen and a half year old boy, was engaged in the operation of a shearing machine, and this court said that he should have been instructed as to the construction of the machine, manner of operation, and the dangers attendant on its operation. The court recognized the necessity for warning and instruction to a servant either of immature years or inexperience about the dangerous character of the work that he may understand its perils, and avoid them. It

cited with approval the rule laid down in 39 C. J. 514, 522, 56 C. J. S., Master and Servant, Sections 306, 307.

In Bonelli v. Flowers, 203 Miss. 843, 33 So. (2d) 455, a seventeen year old boy was injured in operating a ripsaw, in which operation, he claimed that he was inexperienced.

The court there said that such work was extremely dangerous, and that it was the duty of the employer to instruct him about his work; and that, since the evidence was in dispute on this point, it was a question for the jury. It will be noted that this was a ripsaw case too.

Much is said by the appellee in justification of the granting of the peremptories. It takes the position that this is a case where it was not required that rules governing the performance of duties be promulgated since, even if the work was dangerous, it was not also complex. Tatum v. Crabtree, 130 Miss. 462, 94 So. 449; Dobbins v. Lookout Oil & Refining Co., 133 Miss. 248, 97 So. 546; Poplarville Lumber Co. v. Kirkland, 149 Miss. 116, 115 So. 191, and other cases are cited. Those cases deal with instances of simplicity and freedom from complexity. They are clearly distinguished we think from the case made here, as, under appellant's version, the work was both dangerous and complex.

An inexperienced boy, nineteen years of age, who had never had any experience before around machinery, was put to work at this ripsaw. In the Bonelli case, supra, it was held that this kind of work is dangerous. If his evidence was true, in the first instance, he was directed to do his work in a highly dangerous manner. If his evidence was true, after his superior saw him doing the work in a highly dangerous way, the superior did not correct him—did not tell him how dangerously he was performing the work—but let him continue in the same way. If this was true, it showed that he had no appreciation whatever of the perils at hand. Besides, it appeared that the operator, using a stick or board,

was not hurt. Yet, the appellant was putting his hands on the veneer itself, mashing it down and pushing it through the saw, with no like protective device.

■■ The appellee, by its evidence, contradicted the version given by Thomas. Its two witnesses said that he was fully instructed; that the operation was demonstrated; that after Thomas had placed his hands on the veneer in pushing it through the saw, he was warned and forbidden to do this; that he had done the work for nearly two weeks and knew better; and that immediately before the injury, he was warned against this. In other words, there was a sharp dispute in the evidence.

Under such circumstances, the court was not at liberty to resolve the conflict in the evidence. A clear cut issue was presented for determination by the jury. That is our system. We let twelve fair and impartial men, duly empanelled, hear the witnesses and determine the facts where they are in dispute. They are the the judges of the weight, worth and credibility of the evidence. They could have, on this conflict in the evidence, found a verdict for either of the litigants. But, at all events, it was for the jury to decide.

For this error in granting the peremptory, the judgment is reversed, and the cause remanded for a new trial.

Reversed and remanded.