BUFFALO INSURANCE CO. *v.* PURVIS.

No. 39606          April 25, 1955          79 So. 2d 532

*Arrington & Arrington,* Hazlehurst; *Watkins & Eager,* Jackson, for appellant.

*Armstrong & Hoffman,* Hazlehurst, for appellee.

APPELLANT IN REPLY.

Holmes, J.

This is an appeal from a judgment of the Circuit Court of Copiah County in favor of the appellee and against the appellant for $300. The action was brought by the appellee against the appellant on a policy of insurance issued to the appellee by the appellant covering his dwelling in Georgetown, Mississippi, and extending the coverage to include direct loss by windstorm. The policy contained the following additional provision:

"This company shall not be liable for loss to the interior of the building or the property covered therein caused, (a) by water, rain, snow, sand or dust, whether driven by wind or not, unless the building covered or containing the property covered shall first sustain an actual damage to roof or walls by the direct force of wind or hail and then shall be liable for loss to the interior of the building or the property covered therein as may be caused by water, rain, snow, sand or dust entering the building through openings in the roof or walls made by direct action of wind or hail or (b) by water from sprinkler equipment or other piping, unless such equipment or piping be damaged as a direct result of wind or hail."

At the conclusion of the evidence, the trial court denied the appellant's request for a peremptory instruction, and the case was submitted to a jury, resulting in a verdict in favor of the appellee for $300, the full amount sued

for, and judgment was entered accordingly. There was no motion for a new trial. The sole contention on this appeal is that the trial court erred in denying the appellant's request for a peremptory instruction.

It is too well established by the numerous decisions of this Court to require the citation of authorities that in determining whether a directed verdict should be granted the evidence must be taken most strongly in favor of the party against whom it is asked, and every material fact which there is substantial evidence to establish, whether directly or by reasonable inference, should be treated as proven in his favor.

Applying this principle, and in the light of the evidence which we have carefully considered, we are of the opinion that the evidence on the part of the appellee was amply sufficient to present a question of fact for the jury, and that the trial court committed no error in denying the appellant's request for a peremptory instruction. It can serve no good purpose to relate the evidence in detail. The judgment of the court below is accordingly affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Kyle* and *Gillespie, JJ.,* concur.