ASSOCIATES DISCOUNT CORPORATION v. McDADE

No. 42818 December 9, 1963 158 So. 2d 57

*Robert W. King,* Jackson, for appellant.

*L. P. Spinks, Jr.,* DeKalb, for appellee.

BRADY, TOM P., J.

This case is appealed from the Circuit Court of Kemper County, Mississippi, in which court the Associates Discount Corporation, plaintiff below, and hereinafter called A.D.C., brought suit against L. D. McDade, defendant below and appellee here, upon a conditional sales contract and negotiable promissory note executed by appellee in favor of the Southern Equipment Sales, Inc., hereinafter called, Sales, Inc., in the principal sum of $14,000.16, which sum was payable in installments, twenty-four in number, of $583.34 each, and providing for a fifteen percent attorney's fee for collection if said note was not paid when due. Appellant

charged that the principal sum of $8,932.49 was due and owing under said contract, which together with an attorney's fee of $1,339.83 due and owing by appellee to appellant, made a total amount due of $10,272.36.

The conditional sales contract and negotiable promissory note of Sales, Inc., executed by appellee were made a part of appellant's declaration and marked as Exhibit 1. Both the conditional sales contract and negotiable promissory note were executed on July 1, 1960. The promissory note carried twenty-four equal installments of $583.34 which were due and owing on August 12, 1960, and on the 12th day of each month thereafter until all installments had been paid.

The appellee answered and denied the execution of the conditional sales contract and the negotiable promissory note; denied owing the principal sum of $8,932.49 or the attorney's fee in the amount of $1,339.87, and denied that he was indebted to the appellant in any amount whatsoever. Appellee further denied that he had made a down payment of $2,000 as is shown in the said conditional sales contract; denied making any payments whatsoever toward the retirement of the indebtedness evidenced by the conditional sales contract and promissory note; and denied that he received the personal property described in said conditional sales contract. An amended answer of the appellee was likewise filed, setting up the same defenses and denials and is sworn to by appellee. Neither side exercised any peremptory challenges in the court below; the jury was selected and trial was held; and the jury brought in a verdict in favor of the appellee.

Motion for a new trial was made by appellant, in which it was urged that the verdict of the jury was against the overwhelming weight of the evidence, that the court erred in allowing certain testimony relating to the leasing of the equipment in question by Sales, Inc., to a third party, and that the court erred in not

granting the appellant's request for a directed verdict. The trial court overruled the motion for a new trial, and this appeal was perfected.

The record in this cause reflects the following facts: A.D.C. is the assignee of a conditional sales contract and promissory note of $14,000.16 purporting to have been executed by the appellee, L. D. McDade. Both instruments bear the date of July 1, 1960. The conditional sales contract was made in favor of Sales, Inc., in the total sum of $14,000.16. The conditional sales contract called for 24 monthly payments in the sum of $583.34, beginning on August 12, 1960, and continuing on the 12th day of every month thereafter until the total sum has been paid. The promissory note was for the total sum of $14,000.16, likewise calling for twenty-four equal installments in the sum of $583.34, beginning also on August 12, 1960, and continuing on the same date of each succeeding month until the entire sum had been paid. This note also called for fifteen percent attorney's fee in the event the principal and interest was unpaid and the note was placed in the hands of an attorney for collection. Both the conditional sales contract and negotiable note carried the description of the tractor and equipment covered therein.

There is an acknowledgment before one Burnett Holbrook, a notary public, purported to have been made by appellee, L. D. McDade, and there is an assignment to A.D.C. of the conditional sales contract and the note for the payment of said amount in said contract. The testimony offered in behalf of appellant shows that A.D.C. was the holder in due course of said promissory note; that the conditional sales contract was purchased by A.D.C. for the sum of $12,000 on July 5, 1960; that the sum of $2,560.02 was paid to A.D.C. by Sales, Inc. The testimony further shows that appellee was an employee of Sales, Inc., and at the time of the assignment A.D.C. knew that appellee was employed by Sales, Inc.,

and that he worked under the supervision of one Leroy Duckworth who held a managerial position with Sales, Inc. The record does not show that A.D.C. had any notice of any irregularities in the contract, and approximately three weeks after appellant purchased the contract a letter of notification was sent to appellee together with payment coupon book, which was not returned and appellee denied ever having received it.

Appellant further claimed through its branch manager, A. J. McMahon, that after four payments became delinquent and all efforts to collect same or to obtain possession of the equipment failed, it was ascertained that the equipment was not in possession of appellee; that it was in the possession of one Mr. Lawrence Polk of Mt. Olive, Covington County, Mississippi; that the balance due and owing on the account at the time of repossession was $11,810.09. A deficit in the principal amount in the sum of $8,932.49, plus attorney's fees of $1,339.87, cost of moving of $111.20, a storage charge of $6.00, and a repair bill of $5.20 constituted the $11,810.09 then due and owing. Through an employee, Dick Nolan, and at a public foreclosure sale, properly advertised, the equipment brought only $500, which was paid by A.D.C. However, at a private sale subsequently held, the tractor and equipment brought the sum of $3,000 which was credited to the indebtedness under the note and conditional sales contract of appellee.

A.D.C.'s manager, McMahon, testified that he was not aware that appellee had ever worked for Sales, Inc., which is contradicted by appellant's witness Holbrook; that he did not learn appellee did not have possession of the equipment until December 1960.

Appellee testified he had never received the tractor and equipment in question; that he did not make the down payment nor any monthly payments on said equipment; that he had worked for Sales, Inc., from April

15, 1956 until they went into bankruptcy in December 1960.

Leroy Duckworth, testifying for appellee, admitted endorsing the conditional sales contract to appellant; that at the time appellant bought appellee's contract, they had not discussed with appellant the financial condition of the corporation; and that he did not know how the equipment got into the hands of Mr. Polk in Covington County. This witness identified his signature on the conditional sales contract and promissory note; he denied any knowledge of any irregularities in the contract and stated he felt satisfied that appellant had checked appellee's credit, and he delivered the contract and note in the regular course of business.

The record reflects that one Lawrence Polk obtained possession and use of the tractor and equipment in question; that he had rented it on or about November 12, 1960, but he had never paid any rent on the equipment and had never been sent a bill for the rent.

The question presented in the court below which constitutes the basic issue was simply whether or not the appellee made and delivered the conditional sales contract and the note guaranteeing payment thereof, and, as corrollaries thereof, did he make an initial down payment of $2,000 on delivery of the equipment, and did he receive the equipment as shown in the contract. These factual questions were resolved by the jury against appellant and in favor of appellee. In passing, the testimony was very conflicting, but all conflicts were resolved in favor of appellee.

Three assignments of error are urged by appellant A.D.C. for the reversal of the verdict and judgment in the court below. These assignments of error are: (1) The verdict of the jury is contrary to the overwhelming weight of the evidence and contrary to law; (2) the court erred in refusing to grant appellant's requested instruction for a directed verdict; and (3) the court

erred in overruling appellant's objection to improper testimony concerning matters between the selling dealer and the third parties after the date appellant became the holder in due course of the conditional sales contract and promissory note.

Addressing ourselves to the first assignment of error, we must look to the testimony of appellant's witnesses, Burnett Holbrook, the notary public who testified he took the acknowledgment of the appellee and that the appellee signed in his presence the conditional sales contract, and A. J. McMahon, the manager of A.D.C. who said he mailed a form letter and coupon book to appellee; that in March 1961 appellee's account was past due for four payments; that three payments of $583.34 each had been made by Sales, Inc.; that this was not an unusual procedure because frequently customers would make payments to the dealer or assignor of the conditional sales contracts and the dealers would remit the payment to the assignee of the contract. This witness testified they did not obtain possession of the tractor and equipment until March 1961. The testimony of Mr. Holbrook contradicted the testimony of Mr. McMahon in that Holbrook testified that A.D.C. did know that appellee was working for Sales, Inc., in July 1960, the month the conditional sales contract was executed and assigned to appellant.

In contradiction to the testimony of Holbrook, appellee positively testified that he did not sign the conditional sales contract, nor did he acknowledge it, nor did he sign the note involved. He denied ever receiving any of the equipment covered in the sales contract, and denied that he made any down payment or paid any monthly notes which became due and owing. This was a flat denial of the testimony of the notary public.

The testimony of McMahon that he sent a form letter with coupons to the appellee does not, in our opinion, constitute overwhelming weight of the evidence in behalf

of appellant. While the testimony of the apparently disinterested witness, Holbrook, deserves most careful consideration, we cannot say this testimony constitutes overwhelming evidence, nor can we say that the jury had no grounds upon which to believe the appellee. This is truly a factual question and the jury was able to observe the demeanor and hear the answers of witnesses and alone determine the truth and accuracy or the falseness and inaccuracy of their testimony.

If the appellant had introduced one or more handwriting experts, and if the handwriting expert had testified from his experience and knowledge that the signature on the conditional sales contract and the note were written by the same had that signed the amended answer in this cause, this Court could possibly hold that the overwhelming weight of the evidence was in favor of appellant. But neither this Court, nor the court below, is a handwriting expert, and this Court, while it may feel efforts were made by appellee to disguise his signature to the amended answer, cannot conscientiously say that this is so because of our lack of skill and knowledge in analyzing and diagnosing handwriting, and it is outside our perogative to do so. The jury, however, did have the opportunity and does have the right to consider the signatures, though laymen, and determine if possible whether or not the signatures were made by one and the same person. Based upon their limited knowledge and experience, the jury evidently found that the signatures were not the same, and therefore felt that the weight of the evidence was in behalf of appellee rather than appellant.

Neither side exercised any peremptory challenges in selecting the jury and there is nothing definite in this record to indicate bias, prejudice or passion on the part of the jury. Therefore, we hold that the verdict of the jury is not contrary to the overwhelming weight of the evidence and contrary to law. Flournoy v. Brown,

200 Miss. 171, 26 So. 2d 351; Miss. Central R.R. Co. v. Roberts, 173 Miss. 487, 160 So. 604; Fore v. Illinois Central R.R. Co., 172 Miss. 451, 159 So. 557; Faulkner v. Middleton, 186 Miss. 355, 188 So. 565; Teche Lines, Inc. v. Bounds, 182 Miss. 638, 179 So. 747; Goodyear, etc. v. Anderson, 171 Miss. 530, 157 So. 700; Note 16, 5A C.J.S., Appeal and Error, Sec. 1648, p. 323.

 Guided by the rules of law set forth in the above styled cases, we cannot hold in the case at bar that the jury "found palpably against the preponderance of evidence" or that the verdict is "clearly or manifestly against all reasonable probability." We are not "convinced from the evidence that the jury has been partial or prejudiced, or has not responded to reason upon the evidence produced." Sims v. McIntyre, 8 S. & M. 324; Beard v. Williams, 172 Miss. 880, 161 So. 750; Teche Lines, Inc. v. Bounds, supra.

Insofar as the alleged error in refusing to grant appellant's requested instruction for a directed verdict is concerned, we fail to see how this Court could have granted a directed verdict inasmuch as the testimony of the appellee and the witnesses for appellant was in sharp conflict. For the lower court to have done this under these circumstances would have been to invade the province of the jury because it is the jury and not the court which is the trier of disputed facts.

 ██ The rule is well established in this State, as reflected in the numerous decisions of this Court, that upon a motion for a directed verdict, the evidence must be taken most strongly in favor of the party against whom such verdict is sought, and every material fact which there is substantial evidence to establish, directly or by reasonable inference, should be treated as proved in his favor. Buffalo Ins. Co. v. Purvis, 224 Miss. 70, 79 So. 2d 532; Statham v. Blaine, 234 Miss. 649, 107 So. 2d 93; Priest v. Avent, 236 Miss. 202, 109 So. 2d 643; Cole v. Tullos, 228 Miss. 815, 90 So. 2d 32.

It was incumbent upon the court below, in determining whether or not the directed verdict should be given to the plaintiff against the defendant, to accept as true all of the evidence offered by the defendant, together with all reasonable inferences therefrom. This required the court to accept as true the testimony of the defendant that he did not execute the conditional sales contract and note; that he made no down payment for the machinery and equipment, or any monthly payments, and never obtained possession of the equipment. Furthermore, the trial court also had to accept the testimony of Polk, who stated that he rented the machinery from Sales, Inc., after it was supposed to have been delivered to appellee. Allgood v. United Gas Corp., 204 Miss. 94, 37 So. 2d 12; Masonite Corporation v. Dennis, 175 Miss. 855, 168 So. 613; Pitts v. Miss. Power & Light Co., 177 Miss. 288, 170 So. 817; Buntyn v. Robinson, 233 Miss. 360, 102 So. 2d 126.

The testimony offered in behalf of the appellee was sufficient to support a verdict for appellee, and, therefore, the lower court was not in error in refusing the instruction for a directed verdict asked by appellant.

Appellant urges that the testimony offered over its objection by appellee with reference to the renting of the tractor and equipment by Sales, Inc., to Lawrence Polk of Mt. Olive, Mississippi, was inadmissible and confusing, and prejudiced appellant's rights because the leasing or renting of this equipment took place subsequent to the date appellant became the holder in due course of the conditional sales contract and the negotiable promissory note. This Court has carefully reviewed all the testimony in this cause, and particularly the testimony involved in this assignment of error. We do not agree with appellant that the jury was confused or prejudiced by this testimony. This testimony was not offered by the appellee to show a failure of consideration on the part of Sales, Inc. to appellee so as

to vary or modify the alleged executed note, but is corroborating evidence which was offered in support of the flat denial of appellee that he had even executed the conditional sales contract and the negotiable promissory note in favor of Sales, Inc., in the sum of $14,000.16. It was offered mainly in support of his assertion that he had not received the personal property described in the conditional sales contract, and that he had not made any down payment thereon under said contract and promissory note.

The sole defense of the appellee in the trial below was that he did not sign the contract and note. Under such an allegation this Court is of the opinion that he would be authorized to introduce evidence to show that he received no benefit whatsoever under the conditional sales contract, and that he never received or used the property covered by said contract. The renting of this identical property by Sales, Inc., to a third party would be evidence of the fact that he had never received the property, nor any benefits therefrom, and this evidence is admissible for consideration by the jury under the answer of appellee in this cause.

Therefore, we hold that the introduction of this testimony complained of by appellant was properly admitted and does not constitute error for which this cause should be reversed and remanded. The judgment of the lower court is hereby affirmed.

Affirmed.

*Lee, P. J., and Kyle, Ethridge and Gillespie, JJ.,* concur.